The United States Express Company v. Rawson *et al.*

No. 12,463.

THE UNITED STATES EXPRESS COMPANY *v.* RAWSON ET AL.

PRINCIPAL AND AGENT. —*Ratification of Agent's Acts Relates Back to Time of Performance.*—The ratification of an agent's acts, with knowledge of the circumstances, relates back to the time when such acts were performed, and binds the principal the same as if authority had been given in advance.

SAME.—*Rule of Express Company Regarding Collections.*—*Direction by One Agent to Another.*—*Ratification.*—*Conversion.*—Where an agent of an express company, notwithstanding a rule of the company to the contrary, receives a partial payment of a bill of exchange forwarded for collection by another agent, and the latter, with knowledge of the fact, secures the owner's consent to receive such payment, and directs the transmission of the money by the agent so receiving it, who, instead of transmitting converts the same to his own use, such direction amounts to a ratification of the act in receiving the money, and renders the company liable for such conversion.

SAME.—*Evidence as to Past Transactions.*—*Res Gestæ.*—The general rule that an agent can not bind his principal by statements in relation to a past transaction, has no application to the statements of an agent in relation to letters and matters which form a part of the *res gestæ.*

ASSIGNMENT OF ERROR. —*Pleading.*—*Practice.*—Where a complaint, consisting of two paragraphs, one of which is conceded to be good, is assailed for the first time in the Supreme Court by an assignment of error, such assignment calls in question the sufficiency of the complaint as a whole, and can not be maintained, even though the verdict and judgment may rest upon an insufficient paragraph.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.

*D. Moss* and *R. R. Stephenson,* for appellees.

ZOLLARS, J.—The jury returned a special verdict, in which they found the following, amongst other facts : The express company was doing business over a line extending from Michigan City to and beyond Arcadia, in Hamilton county. Its business consisted, partly, in forwarding and collecting bills of exchange, etc., for its customers and patrons. In August, 1883, it received from appellees at Michigan City, a bill of exchange for $167, drawn by them upon one Dickover, at Arcadia. This bill was endorsed to and received by the

company for collection, and for that purpose was forwarded to its agent at Arcadia, he being in charge of all its business at that place. On the 25th day of August, 1883, Dickover paid to the agent at Arcadia, $100 upon the bill. At the time the money was thus paid, that agent, under a rule of the company, had no authority to receive partial payments upon such bills, but appellees had no knowledge of the existence of the rule. The agent of the company at Michigan City obtained the consent of appellees "to receive the said $100, informed the agent at Arcadia of such consent, and directed him to transmit said money, which he failed to do, but afterwards converted it to his own use and fled."

Upon the return of this verdict, appellant, by counsel, moved for a *venire de novo*. This motion was overruled, and, over a motion for a new trial, judgment was rendered in favor of appellees upon the verdict for $100 and interest thereon from the time of payment by Dickover.

The only objection made to the verdict—and that not well founded in fact—is, that it is not found therein, whether authority to receive the partial payment was given to the agent at Arcadia before or after he received the $100.

It is not stated in the verdict in so many words, but it clearly appears from the whole verdict, that the special directions to the agent at Arcadia to forward the money were given after it had been paid over by Dickover, and after that fact was known to the agent at Michigan City.

The finding, as will be observed, is, that under a rule of the company, the agent at Arcadia had no authority to receive partial payments upon such bills. The company, of course, had authority to receive partial payments, unless restricted by appellees. No such restrictions seem to have been imposed. It is not shown whether the agent at Michigan City was a general agent of the company, or one with limited authority. The case, however, was conducted below upon the theory that his directions, whatever they were, were authoritative and binding upon the company, and so the case is.

treated here.  We assume, therefore, that he had authority to direct the agent at Arcadia, and to authorize him, to receive a partial payment upon the bill.  If, possessing that authority, he had given such directions before the money was paid by Dickover, there could be no question as to the liability of the company for the money so received.  And having authority to thus direct the agent at Arcadia in advance, he had authority to ratify the acts of that agent in receiving the payment as it was made.

The ratification of an agent's acts, with knowledge of the circumstances, relates back to the time when such acts were performed, and binds the principal the same as if authority had been given in advance.  *Bronson* v. *Chappell*, 12 Wall. 681; Story Agency (8th ed.), sections 239, 242; *Lawrence* v. *Taylor*, 5 Hill, 107; *Lowry* v. *Harris*, 12 Minn. 255; *Hankins* v. *Baker*, 46 N. Y. 666; *Hammond* v. *Hannin*, 21 Mich. 374 (4 Am. R. 490); *McIntyre* v. *Park*, 11 Gray, 102; *Louisville, etc., R. W. Co.* v. *McVay*, 98 Ind. 391 (49 Am. R. 770), and cases there cited.

In this case, the verdict shows that after the money had been paid, the agent at Michigan City, with knowledge of the fact, directed its transmission by the agent at Arcadia.  This amounted to a ratification of the act of that agent in receiving the money.  Story Agency (8th ed.), sec. 252, *et seq.*

It is claimed, however, that the verdict is not sustained by the evidence, and that, therefore, the motion for a new trial should have been sustained.  The contention is, that at the time Dickover paid the money to the agent, he knew that he had no authority to receive a partial payment, and that hence there was no payment upon the bill held by the agent for collection; and, further, that whatever may be said of the balance, as to $30 of the amount, it was a loan by Dickover to the agent, and not a payment upon the bill.

The evidence shows that after being notified, Dickover went to the office on Saturday to pay $100 upon the bill.  On his way to the office he received a note from the agent asking a

loan of thirty dollars. After reaching the office the agent renewed the request. Dickover told him that he had nothing but the $100 bill, and wanted to pay that upon the bill of exchange, and that so far as he was concerned he, the agent, could use $30 of the amount until the following Monday. The agent said that he could not endorse the $100 upon the bill by reason of its being a partial payment. Dickover told him to notify the parties and ask them to receive it. He promised to do so. On the following Tuesday, the agent told Dickover that he was expecting a letter on that day. On. the following Thursday, he said that he had received a letter, and had forwarded the $100, and asked how soon the balance would be paid.

The evidence is vague, and not very satisfactory, but over the finding of the jury, and the repeated statements of Dickover that he paid the full amount upon the bill, we can not say that $30 of it was a loan to the agent.

The evidence also shows that the agent at Michigan City asked appellees if they would receive a payment of $100 upon the bill, and was answered in the affirmative. This evidence tends to show that the agent knew that that amount had been paid upon the bill, and ratified the act of the agent at Arcadia in receiving it.

It is not shown at what particular time that agent converted the money to his own use, but that can not be material here, as between the company and appellees. He remained in the employ of the company for some time after the payment, and left without transmitting the money.

The evidence, at least, tends to show that he received the money for the company, and as a payment upon the bill, upon the single condition that if appellees would accept it, the amount should be endorsed upon the bill. That act was ratified by the company, through its agent at Michigan City.

It is a general rule, that an agent can not bind his principal by statements in relation to a past transaction, but that rule can have no application to the statements of the agent

at Arcadia in relation to the letters and the transmission of the money, because they were a part of the *res gestæ.* They were statements, in effect, that the restriction had been removed, and that the amount could be and would be endorsed upon the bill.

The complaint, consisting of two paragraphs, is assailed for the first time in this court by an assignment that it does not state facts sufficient to constitute a cause of action. It is conceded that one paragraph is good, but it is contended that as the record shows that the verdict and judgment rest upon the other paragraph, which, as claimed, is not good, the judgment should be reversed. Such an assignment calls in question the sufficiency of the complaint as a whole, and hence, if there is one good paragraph, the assignment can not be maintained. *Louisville, etc., R. W. Co.* v. *Peck,* 99 Ind. 68, and cases there cited. This rule is not varied by the fact that the verdict and judgment may rest upon an insufficient paragraph. Had a separate demurrer to each paragraph been overruled below, the result would be different. *Pennsylvania Co.* v. *Holderman,* 69 Ind. 18.

There being no available error in the record, the judgment is affirmed, at appellant's costs.

