Filed June 25, 1891.

------

No. 247.

SCARRY v. BENNETT.

CHATTEL MORTGAGE.—*Not Recorded.*—*Rights of Pledgee.*—A chattel mortgage which is not recorded within ten days after its execution is void as against a creditor of the mortgagor who takes possession of the goods by written authority from the mortgagor, to secure the payment of his debt, his possession being at least that of pledgee.

From the Marion Circuit Court.

*W. E. Niblack, W. B. Walls* and *G. L. Walls,* for appellant.

*N. Morris, L. Newberger* and *J. B. Curtis,* for appellee.

CRUMPACKER, J.—This action was commenced before a justice of the peace by Mary A. Scarry against Horace F. Bennett for the replevin of personal property.

The cause was taken to the Marion Superior Court on appeal, where it was tried in special term, and resulted in a verdict and judgment for the plaintiff. ·

A motion for a new trial was filed and overruled, and the cause was appealed to the general term of said court, where the judgment was reversed and a new trial ordered. This appeal presents for decision the ruling of the court in general term directing a new trial of the cause.

The only question involved relates to the sufficiency of the evidence to sustain the verdict.

The facts disclosed by the evidence are, substantially, these:   On the 26th day of February, 1889, one Edwin M. Butler was the owner of the goods in controversy, and on that day he borrowed a sum of money of the appellant and gave her his note therefor, secured by a chattel mortgage upon the property.   The mortgage was never recorded, and Butler had become indebted to the appellee in a considerable sum, and subsequently departed from the State without providing for the payment of appellee's claim, and without intending to return.   On the 16th day of March, 1889, Butler wrote appellee with reference to his indebtedness to him, and to the property in question, as follows:   " I turn everything over to you I have in the world; have the house rent paid until the first of April; and you can sell them and apply what they will bring on my account; or if you will store them, will pay you every dollar and that as soon as I can make it." ·

Appellee's claim amounted to twice the value of the goods, and Butler had no other property except that covered by the

mortgage, and in pursuance of the authority contained in the writing, appellee took possession of the property to hold as security for the payment of his claim and stored it away, without notice of the appellant's mortgage.   When appellee was notified of the existence of the mortgage, supposing it had been duly recorded, he offered the property to a relative of Butler on condition that he would discharge the mortgage debt, but when he learned that the mortgage had not been recorded he declined to give up the property. .

A chattel mortgage which is not recorded within ten days after its execution is wholly void as against a third person claiming an interest in the mortgaged property, although he knew in fact of the existence of the mortgage at the time he acquired his interest.   *Granger* v. *Adams*, 90 Ind. 87; *Kennedy* v. *Shaw*, 38 Ind. 474; *Lockwood* v. *Slevin*, 26 Ind. 124; *Scearce* v. *Scearce*, 7 Ind. 286.

This proposition is not controverted by appellant's counsel, but they contend that the facts show that appellee had possession of the property as Butler's agent, and that as between the parties an unrecorded chattel mortgage is valid. The fallacy of their proposition is in the assumption that the appellee's possession was simply that of an agent.   He had written authority to take and hold the goods to secure the payment of his debt, and he testified that he took them for that purpose and no other.   This evidence was uncontradicted.   We think there can be no doubt that appellee's possession was, at least, that of a pledgee against which the mortgage was void.

There was no evidence to support the verdict, and a new trial was rightly awarded.

Judgment affirmed, at appellant's costs.

Filed June 25, 1891.