## Morris v. Ellis.

[No. 2,017.  Filed January 29, 1897.]

Chattel Mortgage.—*Invalid if not Recorded in the County Where the Mortgagors Reside.*—A chattel mortgage is void as against an assignee for creditors unless it is recorded in the county in which the mortgagors reside, under section 6638, Burns' R. S. 1894, which provides that "No assignment of goods by way of mortgage, shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless such assignment or mortgage shall be acknowledged, as provided in case of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides, within ten days after the execution thereof." *pp. 682–686.*

Pleading.—*Complaint.—Allegation of Record of Chattel Mortgage in County Where Mortgagor Resides.*—An allegation in a complaint that a chattel mortgage was recorded in the county where the mortgagors were engaged in a general mercantile business is not equivalent to an allegation that the mortgage was recorded in the county in which the mortgagors reside as required by section 6638, Burns' R. S. 1894.  *p. 686.*

Same.—*Complaint.—Construction of Language Employed in a Pleading.*—It is the duty of the court in construing a pleading and determining its sufficiency to give the language employed a reasonable intendment, but when the words used in a complaint wholly fail to state a material fact essential to a recovery it must be resolved against the pleader. *pp. 686, 687.*

From the Greene Circuit Court.  *Affirmed.*

*C. E. Davis* and *W. V. Moffett,* for appellant.

*Emerson Short,* for appellee.

Wiley, J.—The only question presented in this case is the sufficiency of the complaint.

Appellant sued appellee for conversion, and based his action upon the following material facts, as averred in his complaint, to-wit: That on —— day of ——, 1894, Willard M. Hash and James B. Foster were partners as general retail merchants, in Linton, Greene county, Indiana, and owned a large stock of general merchandise; that on said day they executed to appellant "a mortgage, to secure the payment of two notes owing from them to appellant, amounting in the aggregate to thirty-five hundred dollars, which said mortgage, in less than ten days from the said date of its said execution, was duly recorded in the recorder's office of Greene county in the chattel mortgage record thereof;" that soon thereafter the said Hash and Foster made a voluntary assignment to the appellee, for the benefit of all their creditors, of said stock of goods and merchandise, which assignment was made subsequent to said mortgage, and of which mortgage the appellee had notice at the time said assignment was made; that said deed of assignment was duly executed and recorded according to law; that said appellee qualified and took possession of said stock of goods, and that the same at the time was worth four thousand dollars; that soon thereafter the appellee, as such assignee, applied to, and obtained an order from the Greene Circuit Court, authorizing him to continue the business of retailing said stock, and to buy additional stock and sell the same, in the ordinary course of business; that appellant was not a party thereto and had no notice thereof; that pursuant to said order, and without the consent of appellant, appellee proceeded to sell at retail, the stock of goods aforesaid, and thereupon, appellant brought his action to foreclose said mortgage, to which proceeding the appellee was made a party; that default was taken against Hash and

Foster, the mortgagors, and that such further proceedings were had, as that on December 21, 1894, appellant obtained judgment and decree of foreclosure. That an order of sale was issued upon said decree, and the portion of said stock of goods, then remaining in the possession of said appellee, as such assignee, was sold at sheriff's sale, and purchased by appellant for the sum of twenty-six hundred dollars, which amount was credited on said judgment, leaving still due thereon the sum of one thousand dollars. That after said assignment, and during the pendency of said proceedings to foreclose said mortgage, the appellee, as such assignee, and without the consent of appellant, sold at retail out of said original stock, goods of the value of fifteen hundred dollars, and delivered the same to the various retail purchasers; that he also sold all the goods so purchased by him under the order of said court, leaving in said store, goods of the value of twenty-six hundred dollars and no more. That though appellant demanded and requested, the appellee refused and still refuses to apply the money, or any part of it, so obtained from the sale of said goods, to the payment of said mortgage; but without appellant's consent, has expended a large portion of said money for attorney's fees, costs, investments, and other expenses of said trust, and has retained the remainder of said money as compensation for his services, and in the manner above set out has converted the same to his own use, and has diverted the same from the payment of said mortgage, by delivering the goods so sold to divers purchasers, who consumed the same; that by reason thereof appellant has been unable to find or obtain said goods or any part thereof, to his damage, etc.

To this complaint, the court below sustained a demurrer, to which ruling an exception was reserved,

and the action of the court in sustaining said demurrer is the only error assigned here. The complaint proceeds upon the theory that the appellee is liable to appellant to the extent of the value of the goods sold by appellee, as assignee, under and by virtue of the order of the Greene Circuit Court.

Appellant announces and discusses three propositions to-wit:

1. That if the mortgagor of chattels sells them and puts them beyond the reach of his mortgagee, he is liable for conversion.

2. If the transferee of the mortgagor sells the goods and puts them beyond the reach of the mortgagee, he is liable for conversion, if he had notice of the mortgage.

3. If a sheriff or constable sells mortgaged goods on an execution, to which the mortgagee was not a party, and without consent of the mortgagee should deliver possession to the purchaser before payment of the mortgage, he would be liable for conversion.

We do not think these propositions are the subject of legitimate discussion, in view of the allegations of the complaint.

Under the well settled rule in this State, statutory liens can only be acquired by a strict compliance with the particular statute creating them, and there must be an affirmative showing of such compliance.

The statute relating to chattel mortgages, which is applicable to the question now under consideration, is section 6638, Burns' R. S. 1894 (4913, Horner's R. S. 1896), and is as follows: "No assignment of goods, by way of mortgage, shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless such assignment or mortgage shall be acknowledged, as provided in case of deeds of

Morris *v.* Ellis.

conveyance, and recorded in the recorder's office of the county where the mortgagor resides, within ten days after the execution thereof."

In the case of *Granger* v. *Adams*, 90 Ind. 87, Elliott, J., speaking for the court says:

"It is settled that a mortgage of goods, where possession is retained by the mortgagor, is not valid as against creditors unless executed and recorded in strict accordance with the statute. The common law did not recognize the validity of such instruments against creditors, and the cases are well agreed that one who asserts a right under such an instrument paramount to the claims of creditors, must show that all has been done that the statute requires. At common law, possession was essential to the validity of the mortgage as against creditors of the mortgagors. Registration is made by law the substitute for possession, and, in order that registration shall have this effect, it must be such as the statute prescribes." Continuing, Elliott, J., says: "The fact that the mortgage is executed by a partnership composed of several members does not change the rule. All the partners are mortgagors, and, as the firm can have no place of residence, the residence of the mortgagors must be that of the individuals composing the partnership. In ordinary legal proceedings, the partnership is reached through the individual partners. * * * * * It seems clear upon principle that a mortgage of goods executed by a partnership must be recorded in the counties where the partners reside, and so the authorities declare. *Stewart* v. *Platt*, 101 U. S. 731; *Kane* v. *Rice*, 10 N. B. R. 469; *DeCourcey* v. *Collins*, 21 N. J. Eq. 357; Herman Chat. Mort., p. 162; Jones Chat. Mort., section 257."

The case of *Brown* v. *Corbin*, 121 Ind. 455, is directly

in point, and is clearly decisive of the question under discussion.

In that case a mortgage was executed by Augustus Palin and Nancy J. Palin, his wife, on certain real estate, and on the undivided one-half of a building situate on certain lots in Williamsport, Warren county, Indiana, which said building had been erected by permission of the owner of the real estate, under a contract that it should be removed on notice. The appellant was made a party defendant on the ground, as alleged in the complaint, that she had purchased the building after the execution of the mortgage, and also the real estate upon which it stood. The complaint was accompanied by a copy of the mortgage, as an exhibit. The mortgage was in the usual form of a mortgage on real estate, reciting the fact that "Augustus Palin and Nancy J. Palin, his wife, of Warren county, in the State of Indiana, mortgage and warrant to Amos Martin, of Warren county, in the State of Indiana," etc. The mortgage was duly acknowledged, and recorded in the recorder's office, on the day of its execution, and was duly assigned to the appellees. There was no direct averment in the complaint that it was recorded within ten days in the recorder's office of the county where the mortgagors resided. As appellant did not have actual knowledge of the mortgage, she contended that it must affirmatively appear in the complaint, or the evidence, that the mortgage was recorded according to the provisions of section 6638 (4913), *supra*. As to this objection, Olds, J., speaking for the court says: "It is sufficient to say that it appears upon the face of the mortgage that both the mortgagors and mortgagees reside in Warren county, and the evidence shows it to have been recorded in the recorder's office of said county the same day of its execution. The mortgage showing

upon its face that the mortgagors resided in Warren county, the mortgage would be, *prima facie*, a valid lien, and the burden of proof would rest on the person asserting its invalidity to show that it was not recorded in the county where the mortgagors resided."

The weight of the authorities is, that a chattel mortgage, under statutes like, or similar to ours, if not executed and recorded in strict compliance with the provisions of the statute, is void as to creditors, or third persons, having an interest in the property, even where they have actual notice of the irregularity. *Lockwood* v. *Slevin*, 26 Ind. 124; *Martin-Perrin, etc., Co.* v. *Perkins*, 63 Mo. App. 310; *Scarry* v. *Bennett*, 2 Ind. App. 167.

The case of *State, ex rel.*, v. *Griffin, ante*, 555, is in point here. That case was an action on a constable's bond to recover damages for selling mortgaged chattels upon an execution. The case was tried by a jury, and a special verdict returned. The complaint, among other things, averred that the mortgage was recorded in Cass county, Indiana, on the day of its execution. In the special verdict, after finding that the mortgage described in the complaint was executed, a verbatim copy of it is set out, in which it was recited: "Know all men by these presents, that August Held and Edward P. Rank, of Cass county, in the State of Indiana, have bargained and sold, and do hereby bargain and sell, unto Ferdinand Krebs, of Cass county, Indiana," etc.

The jury failed to find and state as an ultimate fact that the mortgage was recorded within ten days, in the county where mortgagors resided, and for that reason the special verdict was held to be infirm and would not support a judgment in favor of the mortgagee.

Comstock, C. J., speaking for the court said: "The

finding of the jury that the mortgagors were residents of the county in which the mortgage was recorded was essential to make the mortgage valid against appellees. If they make no finding upon this question, it is equivalent to a finding that they were not residents of said county.    *    *    *    If the fact of residence is found, it appears only in the recital of the mortgage, which the jury set out in their finding, and heretofore given.   The statement in the mortgage of the residence of the mortgagors, while evidence of the fact, is not the inferential fact to be found.   The jury found evidence of a fact, but not the fact itself."

Tested by the statute, and the authorities above cited, is the complaint in the case at bar sufficient to withstand the assault of the demurrer?   Recurring again to the averments of the complaint, we find that it is charged that Hash and Foster were engaged in a general mercantile business at Linton, Greene county, Indiana; that they executed a mortgage to appellant, embracing their stock of goods, and that said mortgage was recorded, within ten days, in the recorder's office of said county.   It is not alleged in the complaint, that Hash and Foster were residents of Greene county.   The fact that they were doing business in said county, as averred, cannot be tortured into saying they were residents thereof.   A person may engage in business in Indianapolis and reside in Anderson.   The history of the times, and the knowledge of current events, inform us, that it is no unusual custom for persons to engage in business in one place, and maintain their residence in another place, far distant therefrom.

In determining the sufficiency of pleadings, courts are guided by the facts averred.   *Ades* v. *Levi*, 137 Ind. 506.

While it is the duty of the court, in construing a

pleading and determining its sufficiency, to give to the language employed, a reasonable intendment, yet when the words used in a complaint wholly fail to state a material fact essential to a recovery, it must be resolved against the pleader. The appellee, in the case at bar, was an assignee, under an assignment, which the complaint avers was in all things according to law. As such assignee he was a representative of all the creditors of his assignors, and if the mortgage upon which appellant based his right of action was not recorded in the county where the mortgagors resided, although the appellee had actual knowledge of the mortgage as charged, it would be invalid and void as to him and the creditors of his assignors.

The complaint failing to aver that the mortgage was recorded in the county where the mortgagors resided, and also failing to aver any other facts from which it might be reasonably inferred that it was so recorded, we are led to the conclusion that the complaint is wholly insufficient, and that the court below did not err in sustaining the demurrer.

Judgment affirmed.

BLACK, J., not present.