Newman *et al. v.* Gates.

---

### NEWMAN ET AL. *v.* GATES.

[No. 18,449.   Filed March 15, 1898.]

APPELLATE COURT.—*A Court of Last Resort.*—*Decisions Not Subject to Review.*—The Appellate Court, in all cases in which it is given jurisdiction, is a court of last resort, and its decisions are not subject to review, whether by appeal or by writ of *certiorari.*

Original action.   *Petition for writ of certiorari dismissed.*

*F. Winter* and *Charles Martindale*, for petitioners.

*Albert Baker, Edward Daniels, John B. Cockrum, E. E. Gates* and *G E. Hume*, for respondent.

HOWARD, C. J.—This is a petition for a writ of *certiorari* to the Appellate Court, to require that court, through its clerk, who is also the clerk of this court, to certify up the transcript and papers in the case of *Gates* v. *Newman,* 18 Ind. App. 392, in order that it may be determined whether, as alleged, the Appellate Court in that case exceeded its jurisdiction by deciding contrary to the law as decided by the Supreme Court.

The petitioners represent that in said cause of *Gates* v. *Newman,* being an appeal from the superior court of Marion county, the Appellate Court has not been governed in all things by the law as declared by the Supreme Court, but has attempted to reverse or modify a decision of this court made in *Goble* v. *Dillon,* 86 Ind. 327, 44 Am. Rep. 308.

The law said to limit the jurisdiction of the Appellate Court, in the respect here in question, is found in section 25 of the act creating that court, as amended February 16, 1893 (Acts 1893, p. 31, section 1362, Burns' R. S. 1894, 6586, Horner's R. S. 1897), and is as follows: "The Appellate Court shall be governed in all things by the law as declared by the Supreme Court of this State, and it shall not, directly or by implication, reverse or modify any decision of the Supreme Court of this State." Provision is also made, in the same section, for the transfer of any cause to the Supreme Court where the Appellate Court is of opinion that a decision of this court controlling the decision to be made in the cause transferred ought to be overruled.

There can be no doubt that the legislature, in creating the Appellate Court, and particularly in the enactment of the section above cited, expressed its intention that the interpretation of the law in the courts of this State should remain uniform and consistent,

and that such interpretation should be determined wholly by the decisions of the Supreme Court.

The same conclusion would follow from the words of the constitution providing for the organization and establishment of a supreme judicial tribunal; and also from the fact that "in the very necessity created by a system of government of delegated and distributed powers there must be lodged somewhere supreme and paramount judicial power." Elliott App. Proc., section 25.

The fact that there is an obligation thus imposed upon the Appellate Court, requiring that it "shall be governed in all things by the law as declared by the Supreme Court of this State," cannot therefore be a matter of uncertainty. That such obligation was made a fundamental principle of its very creation and existence has never been questioned by that tribunal, or by any one of the body of upright and learned judges who have graced its bench, and there added lustre and dignity to the jurisprudence of the State.

Indeed, in the very case of *Gates* v. *Newman,* as shown in the opinion there handed down, the Appellate Court did not profess or attempt to decide anything in opposition to any ruling of this court, whether in *Goble* v. *Dillon, supra,* or elsewhere. On the contrary, *Goble* v. *Dillon* was relied upon as authority for the decision made in *Gates* v. *Newman.* But the court distinguished the latter case from the former, and correctly so, we believe, as will appear from a careful reading of the opinions in the two cases. Consequently, even if it were proper for us to entertain the petition for a writ of *certiorari,* we should nevertheless have to deny the writ for the reason that there is no conflict in the cases referred to.

We are of opinion, however, that no authority is

shown in the petition before us for a writ of *certiorari* from this court to the Appellate Court. The act creating that court provides expressly for a court of final resort, although with certain defined and limited jurisdiction. In all cases in which the Appellate Court is given jurisdiction its decisions are made final, and not subject to review, whether by appeal or by writ of *certiorari.* The evident purpose of the legislature was not to provide for an intermediate court, but for one of last resort.

In the creation of the United States Circuit Court of Appeals, Congress made express provision for transferring causes from that court to the Supreme Court of the United States, in all cases, either by appeal or by *certiorari. Forsyth* v. *Hammond,* 166 U. S. 506. But, in the act creating our Appellate Court, no such limitation is found; nor is there anything in the constitution or laws from which it might be implied.

No doubt, if the Appellate Court should undertake to decide a cause of which it were not given jurisdiction by the act of its creation, such decision would be of no effect; and in that case the Supreme Court, by virtue of its power to protect its own jurisdiction, might cause the appeal to be brought here for decision. *Ex parte Kiley,* 135 Ind. 225; *In re Pittsburgh, etc., R. W. Co.,* 147 Ind. 697. Jurisdiction of all appeals is primarily in the Supreme Court; and the Appellate Court has only such jurisdiction as has been expressly given to it by the legislature. *Ex parte, Sweeney,* 126 Ind. 583.

But if the Appellate Court actually has jurisdiction of an appeal, as is admitted was the case here, that court must, by force of the statute of its creation, have full power to render final judgment on such appeal; and this, too, irrespective of the kind of decision that may be made. Having the power to decide, the court may decide wrong as well as right.

The case is not essentially different from other cases in which the right of appeal is not given.   From the judgment of a circuit court, for example, in a cause originating before a justice of the peace, and where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars, there can be no appeal.   Section 644, Burns' R. S. 1894 (632, R. S. 1881).   So a justice of the peace has original exclusive jurisdiction in misdemeanors where the fine assessed cannot exceed three dollars.   Section 1706, Burns' R. S. 1894 (1637, R. S. 1881).   In like manner, the decision of a question by a board of county commissioners, a common council, or other tribunal or officer, may be made final.   *Board, etc.*, v. *Davis*, 136 Ind. 503; *Hughes* v. *Parker*, 148 Ind. 692.

In all those cases, as well as in the case before us, it is presumed that judges and other officials will do their sworn duty.   The law therefore reposes implicit confidence in the integrity and wisdom of those tribunals of last resort from whose decisions no appeal is provided for, save only the ultimate appeal to the forum of conscience and to the judgment of the people, from whom all authority, legislative, executive, and judicial, is derived.   Petition dismissed.