Diggs *v.* Way.

---

## DIGGS ET AL. *v.* WAY ET AL.

[No. 2,455.   Filed Oct. 14, 1898.   Rehearing denied June 30, 1899.]

PLEADING.—*Complaint.—Exhibit.*—Any exhibit attached to the complaint is improper, unless such exhibit is the foundation of the action.  *p. 619.*

SAME.—*Improper Exhibit.*—An improper exhibit will not be considered in examining a pleading for the purpose of determining the question as to the sufficiency of the facts stated.  *p. 619.*

CONVERSION. — *Mortgaged Chattels.* — *Complaint.*—Where plaintiff's right to maintain an action for the conversion of chattels is dependent upon the validity of an alleged mortgage lien, the complaint must show that the county in which the mortgage was recorded was the county in which the mortgagor resided.  *p. 620.*

PLEADING.—*Theory.—Appeal.*—Where a cause has been tried upon the theory that it is an action in tort, and not in contract, that theory will govern the cause on appeal.  *p. 621.*

From the Randolph Circuit Court.  *Reversed.*

*B. F. Marsh, E. S. Jaqua* and *Engle & Parry,* for appellants.

*S. A. Canada, J. W. Newton* and *G. H. Ward,* for appellees.

Diggs *v.* Way.

BLACK, J.—It is assigned as error that the complaint did not state facts sufficient to constitute a cause of action. The complaint contained two paragraphs. The court in its special finding and judgment treated the case as an action against the appellants for the recovery of damages for the wrongful conversion to their own use of a certain stock of merchandise. The appellants were shown in the second paragraph of complaint to have obtained possession of the goods through purchase from others, not parties, who had bought them and taken possession under a sale on execution against an owner of the goods, one Lindsey L. Ludwick, by whom they had been mortgaged to the appellees, before the issuing of the execution, to secure certain indebtedness of the mortgagor to the mortgagees. A copy of the chattel mortgage was filed with the original complaint, and was referred to in each paragraph as a part thereof marked as an exhibit; and it was alleged in each paragraph that the mortgage was duly recorded within ten days after its execution in the chattel mortgage record, the volume and page being specified, of Randolph county, Indiana, "the county in which said mortgaged property was situated at the time of the execution of said chattel mortgage."

In the first paragraph of the complaint no mention was made of the sale on execution, but it was alleged that, subsequent to the execution and recording of the mortgage, the goods passed from the possession of said Ludwick into the possession of the appellants, under a pretended claim of ownership therein. We state no more of the contents of the lengthy pleadings than we deem proper for the decision of the particular question presented in argument before us.

The case having been tried by the court below as an action in tort, the complaint is to be treated not as a complaint on the mortgage, and the mortgage can not be regarded as the foundation of the action within the meaning of the statute, section 365 Burns 1894, section 362 Horner 1897, which provides: "When any pleading is founded on

any written instrument or on an account, the original, or a copy thereof, must be filed with the pleading. * * * Such copy of a written instrument, when not copied in the pleadings, shall be taken as a part of the record." It is well settled by repeated decisions that an improper exhibit will not be considered in examining a pleading for the purpose of determining the question as to the sufficiency of the facts stated. Such exhibit can not supply any averment omitted in the pleading. *Knight* v. *Flatrock, etc., Co.,* 45 Ind. 134; *Wilson* v. *Vance,* 55 Ind. 584; *Whipple* v. *Shewalter,* 91 Ind. 114; *Conwell* v. *Conwell,* 100 Ind. 437; *Huseman* v. *Sims,* 104 Ind. 317. However necessary a written instrument may be as evidence in support of a plaintiff's suit, it is not a proper exhibit if the action be not founded on the instrument. *Treadway* v. *Cobb,* 18 Ind. 36; *Rausch* v. *Trustees, etc.,* 107 Ind. 1; *Barrett* v. *Johnson,* 2 Ind. App. 25. In *Ross* v. *Menefee,* 125 Ind. 432, it was held that a complaint for the wrongful conversion of personal property, the plaintiff's right in the property being shown by the complaint to be derived by a mortgage, was not based on the mortgage, and that the mortgage could not be made a part of the complaint by filing a copy thereof. It has been suggested by counsel for the appellants that a copy of the chattel mortgage mentioned in the complaint, which was filed with the original complaint, should not be treated as filed with the amended complaint. In view of what has preceded, we need not further notice this suggestion, as we do not look to the contents of the exhibit.

When the facts in this case arose, and when the cause was pending below, it was provided by statute (section 4913 R. S. 1881, section 6638 Burns 1894), that no assignment of goods by way of mortgage shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee, and retained by him, unless such assignment or mortgage shall be acknowledged, as provided in case of deeds of conveyance, and recorded

in the recorder's office of the county where the mortgagor resides, within ten days after the execution thereof. The right of the appellees to maintain the action for conversion depended upon the validity of their pretended mortgage lien. It is not shown directly or inferentially in the complaint that the county in which the mortgage was recorded was the county in' which the mortgagor resided. The appellants were persons against whom, by the plain terms of the statute, the mortgage was not valid unless recorded in the recorder's office of the county where the mortgagor resided within ten days after its execution. It was material and essential to the cause of action against the appellants to show the existence of all statutory requisites of the validity of the mortgage on which the right of the appellees depended. The allegation of actual notice to the appellants or their grantor, or both, of the existence of the mortgage, could not render the complaint sufficient without showing that the statutory requisites of validity had been complied with. See *Scarry* v. *Bennett*, 2 Ind. App. 167; *Morris* v. *Ellis*, 16 Ind. App. 679; *State, ex rel.,* v. *Griffin*, 16 Ind. App. 555. For the omission of an averment concerning the residence of the mortgagor, we must hold the complaint insufficient as a complaint for the conversion of the mortgaged goods. Whether the complaint was otherwise deficient we do not decide. The judgment is reversed.

## ON PETITION FOR REHEARING.

BLACK, J.—It is urged on behalf of the appellees that the first paragraph of the complaint was sufficient as a complaint to foreclose the chattel mortgage, inasmuch as the copy of the mortgage filed as an exhibit sufficiently showed the residence of the mortgagor; and it is contended that our original opinion violates the familiar rule that the assignment in this court that the complaint does not state facts sufficient to constitute a cause of action attacks the complaint as an entirety, and cannot prevail if any paragraph of the complaint

Diggs v. Way.

be good. Our attention is directed by counsel to *United States Express Co.* v. *Rawson*, 106 Ind. 215, where the rule is strongly expressed. In that case the court was able to affirm the judgment for the plaintiff based upon a special verdict. In what respect the two paragraphs of complaint differed from each other is not indicated, but it must have been true that the court regarded the verdict as within an issue tried, and considered the facts stated in the special verdict as constituting a cause of action within some theory presented by the complaint. In the course of the opinion, in the discussion upon the special verdict, it is said that the case was conducted below upon a theory which is set forth in the opinion, after stating which the court said: "And so the case is treated here." Indeed, every case must proceed upon some definite legal theory, and the theory upon which it has been conducted to judgment, the cause of action upon which the judgment is based, cannot be abandoned on appeal. This rule must be regarded, where applicable, in the discussion of other rules. Upon appeal the parties must be held to the theory upon which they tried the case. *Adams* v. *Davis*, 109 Ind. 10, 21. Where a cause has been tried upon the theory that it is an action in tort, and not in contract, that theory will govern the cause on appeal. *Lake Erie, etc., R. Co.* v. *Acres*, 108 Ind. 548.

In the case before us, the court stated its conclusions of law upon the facts found as follows: "And, as conclusions of law upon the facts found, the court finds that the defendants Daniel E. and Frank Diggs are liable to the plaintiffs for the value of said goods, wares, and merchandise commingled and mixed with other goods and merchandise of like character, and appropriated by them to their own use, covered by the plaintiffs' mortgage, and so much of the value thereof as is sufficient to pay and satisfy the indebtedness to the plaintiffs secured by said mortgage, to wit, $525 thereof. Finding for plaintiffs in the sum of $525." This was signed by the judge. The record showed the exceptions of the appel-

lants to the conclusions of law, and then proceeded as follows: "The court now finds for the plaintiffs on said complaint, and that there is due from the defendants Daniel E. Diggs and Frank Diggs the sum of $525." To this was signed the name of the judge. The judgment was then entered as follows: "It is therefore considered and adjudged by the court that the plaintiffs have and recover of and from the defendants Daniel E. Diggs and Frank Diggs the said sum of five hundred and twenty-five dollars, and likewise their costs and charges in and about this suit by them laid out and expended." Here was plainly a finding and a judgment in tort, for conversion, with which the appellees, the plaintiffs, were satisfied, and from which the defendants appealed to this court, the matter in dispute here being whether or not a judgment for the plaintiffs for damages for the conversion by the defendants of personal property to their own use should be reversed. In such a case this court has jurisdiction, while it has not jurisdiction of a suit for the foreclosure of a chattel mortgage. In each paragraph of the complaint, in fact, the foreclosure of the mortgage was part of the relief demanded; but such purpose was abandoned in the progress of the case, which upon the trial became simply an action for conversion. The court below and the parties treated the complaint as one for conversion. Its sufficiency as such a complaint is presented on appeal. The special finding lacked a material fact as to which in such a case the burden would be upon the plaintiffs, which was also lacking in the complaint treated on the theory of the special finding and judgment. The special finding did not state facts sufficient to warrant the conclusions of law drawn from them. We could not sustain the conclusions of law; but the sufficiency of the complaint being questioned by assignment of error, and it being insufficient to sustain such a judgment, we deemed it conducive to the purposes of justice to base the reversal of the judgment upon the insufficiency of that pleading. We do not hold that under such assignment of

error less than the entire complaint may be attacked, or that the judgment may be reversed because of the insufficiency of one of a number of paragraphs, but we hold both paragraphs insufficient upon the theory upon which they were treated and made to uphold the judgment for conversion from which this appeal was taken. The petition for a rehearing is overruled.

### Dissenting Opinion.

Henley, J.—The judgment of the lower court in this cause is reversed under an assignment of error that the complaint does not state facts sufficient to constitute a cause of action, the second paragraph of complaint being insufficient. I am convinced that the majority opinion in this cause is manifestly wrong for two reasons: (1) The first paragraph of complaint is good, and therefore the assignment of error upon which the cause is reversed is not available; (2) the action of this court is an absolute nullity because the court has not jurisdiction of this cause under the statute which created the court.

As to the first reason: It is settled law of this State that if a complaint consisting of two or more paragraphs is attacked for the first time upon appeal by an assignment of errors, that the complaint does not state facts sufficient to constitute a cause of action, the attack will not prevail if either paragraph of the complaint states a cause of action. *Murdock* v. *Cox*, 118 Ind. 266; *Louisville, etc., R. Co.* v. *Corps*, 124 Ind. 427, 8 L. R. A. 636; *Warden* v. *Nolan*, 10 Ind. App. 334; *United States Ex. Co.* v. *Rawson*, 106 Ind. 215; *Chicago, etc., R. Co.* v. *Daily*, 18 Ind. App. 308.

In the case at bar the first paragraph of complaint sought to correct and foreclose a chattel mortgage. The prayer for relief, after demanding personal judgment for debts sued on, was as follows: "And plaintiffs ask that said chattel mortgage be corrected by fixing and supplying the year Anno Domini of its execution, and that said mortgage, .as re-

formed and corrected, be foreclosed, and that the equity of redemption of said defendants in and to said property be forever barred and foreclosed, and that the same be sold, and the proceeds derived therefrom be applied to the payment of said debts and costs, and for all other proper relief." This first paragraph of complaint is undoubtedly good; counsel for appellant have made no serious attack upon it, simply claiming that it omitted to allege the residence of the mortgagor. The chattel mortgage was filed with and made a part of the complaint, and contained the following recital: "Know all men by these presents that Lindsey L. Ludwick of the county of Randolph in the State of Indiana," etc., etc. This was sufficient to show the residence of the mortgagor, as was expressly decided in the recent case of *Baldwin* v. *Boyce,* 152 Ind. 46. Also see, *Brown* v. *Corbin,* 121 Ind. 455. But it is not held in the majority opinion in this cause that the first paragraph of complaint is bad, but that it is shown by the record that the case was tried and judgment rendered upon the second paragraph of complaint, and that the cause of action stated in the first paragraph of complaint is shown by the record to have been abandoned.

The case of the *United States Ex. Co.* v. *Rawson,* 106 Ind. 215, is in all respects like the case at bar. In that case the record showed that the cause was tried upon and the verdict and judgment rested upon an insufficient paragraph of complaint; the complaint consisted of two paragraphs. The Supreme Court in that case say: "The complaint, consisting of two paragraphs, is assailed for the first time in this court by an assignment that it does not state facts sufficient to constitute a cause of action. It is conceded that one paragraph is good, but it is contended that as the record shows that the verdict and judgment rest upon the other paragraph, which, as claimed, is not good, the judgment should be reversed. Such an assignment calls in question the sufficiency of the complaint as a whole, and hence if there is one good paragraph, the assignment cannot be maintained. *Louisville,*

*etc., R. Co.* v. *Peck*, 99 Ind. 68, and cases there cited. The rule is not varied by the fact that the verdict and judgment may rest upon an insufficient paragraph. Had a separate demurrer to each paragraph been overruled below, the result would be different. *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18."

As to the second reason: The jurisdiction of all appeals is primarily in the Supreme Court. The Appellate Court has only such jurisdiction as is expressly given it by the legislature which created it. *Ex parte Sweeney*, 126 Ind. 583. The statute creating the Appellate Court does not give it jurisdiction of actions to foreclose mortgages, either upon real estate or chattels. Section 6562 Horner 1897. Thus this court in the case at bar has decided a cause of which it was not given jurisdiction by the act creating it. The judgment is a nullity. The Supreme Court in the case of *Newman* v. *Gates*, 150 Ind. 59, say: "No doubt, if the Appellate Court should undertake to decide a cause of which it were not given jurisdiction by the act of its creation, such decision would be of no effect; and in that case the Supreme Court by virtue of its power to protect its own jurisdiction might cause the appeal to be brought here for decision." See, also, *Ex parte Kiley*, 135 Ind. 225; *In re Pittsburgh, etc., R. Co.*, 147 Ind. 697.

For the reasons given, I think the petition for a rehearing ought to be granted, and the cause certified to the Supreme Court.