## BERGMAN v. COLUMBIA SECURITIES COMPANY.

[No. 12,360. Filed April 6, 1926.]

CHATTEL MORTGAGES.—*Chattel mortgage not recorded in county of mortgagor's residence not valid as to others than parties thereto where goods not delivered to mortgagee, regardless of whether anyone was misled by failure to record the mortgage.*— Under the express provision of §8055 Burns 1926, §7472 Burns 1914, a chattel mortgage that is not recorded in the county of the mortgagor's residence is void as to others than the mortgagor and mortgagee where the mortgaged goods were not delivered to the mortgagee, regardless of the fact that the failure to record the mortgage did not mislead anyone.

From Marion Superior Court (A 25,393); *S. K. Ruick*, Special Judge.

Action by the Columbia Securities Company against Fred Bergman. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*P. J. Kelleher* and *Felt & Forney*, for appellant.
*Carey & Cox*, for appellee.

DAUSMAN, J.—This action was instituted by the Columbia Securities Company against Fred Bergman for the possession of an automobile. The action was commenced before a justice of the peace, whose decision was in favor of the plaintiff. Bergman appealed to the Marion Superior Court, which court made a special finding of facts, stated conclusions of law thereon, and rendered judgment in favor of the Columbia Securities Company.

The special finding discloses the following facts:

"The defendant Bergman and one Arthur Chenoweth worked at the same place and were well acquainted. Chenoweth was an automobile salesman. [Bergman was a mechanic.] Bergman was the owner of a Cole automobile and he placed it in the hands of Chenoweth to be sold under an agreement that Chenoweth should have as compensation all he received over $425. To enable Chenoweth to make the sale, Bergman assigned his certificate of title in blank and delivered it to Chenoweth. Chenoweth inserted his own name in the blank and exchanged the Cole automobile for a Monroe and procured a certificate of title in his own name for the Monroe. After Bergman learned that Chenoweth had obtained a certificate of title to the Monroe automobile, he allowed Chenoweth to retain possession of the automobile. Chenoweth executed to the Columbia Securities Company a chattel mortgage on the machine for $300 to secure the payment of a loan in that amount. The mortgage was recorded in Marion county, but not in any other county. At the time Chenoweth procured the loan which the mortgage was intended to secure, he was a resident of the county of Hamilton, State of Indiana, but was employed in the city of Indianapolis, and gave his address to the Columbia Securities Company as 427 North Meridian street, Indianapolis. The mortgagee did not know that Chenoweth resided in Hamilton county, but relied upon the certificate of title held by Chenoweth and the fact that Chenoweth had possession of the automobile. Bergman did not obtain possession of the automobile until after the execution of the mortgage. After the execution of the mortgage, Bergman demanded of Chenoweth the sum of $425, the original sale price of the Cole automobile, and Chenoweth did pay to him $200. Bergman instituted suit to compel Chenoweth to transfer to him the legal title of the Monroe automobile and, as a result of the proceeding, the

secretary of state was authorized to issue a certificate of title to Bergman, which was accordingly done. Bergman retained possession of the automobile until it was taken from him by virtue of a writ of replevin in this action. After surrendering possession of the automobile to Bergman, Chenoweth left the State of Indiana and his whereabouts is now unknown. At the time of taking possession of the automobile, Bergman did not know of the existence of the chattel mortgage. Bergman was not misled by the failure to record the mortgage in Hamilton county and suffered no loss because the mortgage was not there recorded."

On the foregoing facts, the court stated as conclusions of law the following: (1) That the law is with the plaintiff; (2) that the plaintiff is entitled to possession of the automobile; and (3) that the plaintiff is entitled to one cent damages for the unlawful detention thereof.

The defendant excepted to each conclusion of law; and also filed a motion for a new trial which was overruled. Judgment for the plaintiff.

Our statute, which has been in force for nearly a century, provides that no assignment of goods by way of mortgage shall be valid against a third person where the goods are not delivered to the mortgagee and retained by him, unless the mortgage be recorded in the county where the mortgagor resides, if the mortgagor be a resident of this state. §8055 Burns 1926; §7472 Burns 1914. The language of the statute is clear. There is no room for doubt as to its meaning. *State, ex rel.,* v. *Griffin* (1897), 16 Ind. App. 555. In the case at bar, the mortgage is void as to the appellant.

Other questions presented need not be considered.

Judgment reversed; and the trial court is directed to restate its conclusions of law and to render judgment for the defendant.