## ROUDEBUSH *v.* NASH.

[No. 14,288.   Filed August 12, 1931.   Rehearing denied October 30, 1931.]

*Roberts & Roberts*, for appellant.

*C. M. Gentry* and *Cloe, Campbell, Cloe & Cloe*, for appellee.

BRIDWELL, P. J.—Appellee instituted a replevin action against the appellant. The issues in the case were closed by the parties, and a trial by the court resulted in a finding and judgment in favor of the appellee. Appellant filed his motion and reasons for a new trial on the grounds that the finding of the court is not sustained by sufficient evidence and is contrary to law. Motion for a new trial was overruled, and appellant excepted and consummated this appeal, assigning as error the overruling of such motion.

This appeal presents for decision a controversy between the parties growing out of the following facts admitted to be true by both appellant and appellee, and concerning which there is no conflict in the evidence, such evidence consisting of a promissory note, a chattel mortgage securing same, and a stipulation of facts made by the parties.

The facts are as follows: On December 11, 1925, the appellee sold to one Verl O. Horton two horses, and said Horton executed to appellee a promissory note for $200, and a chattel mortgage mortgaging said horses to appellee to secure the payment of said note, said note and mortgage each being executed and delivered on said date; possession of the horses so sold was taken by the said Horton at the time of purchase and retained by him until January 16, 1930, when he sold such horses to the appellant, at public auction, for the sum of $210, which amount was paid by appellant and was the actual value of the horses at that time; at the time of this sale by Horton to appellant, the note and mortgage given by Horton to the appellee had not been fully paid, and, at the time of trial, there was due and unpaid on said note the sum of $129.78 and attorney fees; at the time appellant purchased said horses from Horton, he did not have actual knowledge that said mortgage existed; appellee demanded of appellant the return of said horses,

and was refused and the horses were in the possession of appellant on trial day and at that time were of the value of $200; the chattel mortgage, among other things, provides that the mortgagor Horton shall retain possession of the horses mortgaged and have the use of same until the note secured becomes due, and that, if the note it secures is not paid at maturity, the appellee "shall then have the right to take and keep possession of said property wherever it may be found without any process of law and the same shall become the absolute property of the said John R. Nash" (appellee); Horton, the mortgagor, further agrees "not to sell" the property without the consent of mortgagee and by the terms of such mortgage it is provided that, should he so do, the mortgagee "shall have the right to take immediate and unconditional possession" of the property mortgaged "wherever the same can be found," and rights of sale by mortgagee are given; the note secured by this mortgage was due and payable February 1, 1926; the face of the mortgage shows that V. O. Horton, the mortgagor, is "of Hamilton County in the State of Indiana," and the mortgage was recorded in Chattel Mortgage Record 41 of the records of the recorder's office of said Hamilton County on February 2, 1926, more than 50 days after the date of its execution.

The question is as to the rights of the parties under the law of this state where personal property is sold that is encumbered by a chattel mortgage that was not recorded within the time required by statute, but was recorded prior to the date of sale.

Our statute (§8055 Burns 1926), which has been in force for many years, being amended the last time in 1897 (Acts 1897 p. 240) provides that "no assignment of goods by way of mortgage *shall be valid* against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and re-

tained by him, unless such assignment or mortgage shall be acknowledged as provided in case of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides, if he resides in this state, and if not a resident of the state, then in the county where said property is situated, within ten days after the execution thereof.

Appellee insists that, notwithstanding the positive terms of this statute, a mortgage recorded after the 10-day period of time has elapsed should be held valid as between the mortgagee and any person acquiring the mortgaged property, or any interest therein, after the mortgage was in fact recorded. To so hold would nullify the statute, and this we cannot do. Since 1843, our statutory law has contained a provision similar to that contained in our present statute requiring, where the possession of the goods mortgaged is not delivered to the mortgagee and retained by him, that a chattel mortgage be recorded within 10 days after its execution in order to be valid against any person not a party thereto, and our Supreme Court and this court have consistently held that there must be a strict compliance with the terms of the statute on the part of the mortgagee, or no claim under the mortgage can be legally asserted against any person not a party thereto. *Chenyworth* v. *Daily* (1855), 7 Ind. 284; *Lockwood* v. *Slevin* (1866), 26 Ind. 124, *Kennedy* v. *Shaw* (1872), 38 Ind. 474; *Seavey* v. *Walker* (1886), 108 Ind. 78, 9 N. E. 347; *Granger* v. *Adams* (1883), 90 Ind. 87; *Stengel* v. *Boyce* (1896), 143 Ind. 642, 42 N. E. 905; *Ross* v. *Menefee* (1890), 125 Ind. 432, 25 N. E. 545; *Scarry* v. *Bennett* (1891), 2 Ind. App. 167, 28 N. E. 231; *Morris* v. *Ellis* (1897), 16 Ind. App. 679, 46 N. E. 41; *Wolf* v. *Russell* (1914), 55 Ind. App. 660, 104 N. E. 603; *Bergman* v. *Columbia Securities Co.* (1926), 84 Ind. App. 403, 151 N. E. 367.

The decision of the court was contrary to law, and the court erred in overruling appellant's motion for a new trial.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.