## W. B. FONDA v. BURTON & SOWLES.

*Oral evidence may vary writings in suits between third parties.*
*Findings of referees conclusive Estoppel.    Subscription paper.*

1.  The rule that oral evidence cannot be introduced to vary the terms of a
    written instrument, applies only to suits between the parties to such
    instrument and their privies.

2.  If there is any evidence tending to support the finding of referees, their
    conclusions of fact are not revisable in Supreme Court.

3.  A report of referees having been re-committed, and a supplemental
    report made and accepted by the court below without objection by
    either party, the Supreme Court will treat it as a full statement of
    the case.

4.  The plaintiff claimed to recover for certain goods furnished the defend-
    ants under title of the Glens Falls Shirt Co.    He had at one time
    signed a subscription paper with the defendants and others for the
    benefit of the Glens Falls Shirt Co., in which it was stated that one
    MacDonald was to be that company. *Held,* that the plaintiff was not
    thereby estopped from showing that afterwards the defendants as-
    sumed and conducted the business under that title.

5.  The goods having been originally furnished and the credit given to the
    defendants, the fact that a mortgage was subsequently given by
    MacDonald to secure the same debt would not of itself release them.

6.  The defendants owned the Tremont House property, which it was pro-
    posed to give MacDonald upon condition that he would occupy it for
    a certain time as a shirt factory.    It was valued at $10,000.    The
    subscription paper ran to the defendants and provided that upon
    $6,000 being subscribed, they should convey the property to a trus-
    tee for MacDonald, and that if MacDonald did not occupy it for the
    purpose specified, the trustee should convey two-fifths to the defend-
    ants, and three-fifths to the subscribers.    The $6,000 was subscribed
    and the defendants conveyed. MacDonald was unable to carry on the
    enterprise, but the defendants, by arrangement with the trustee,
    did, and the goods sued for were furnished them in the prosecution
    of that business.    *Held,* that the defendants were entitled to the
    amount of the plaintiff's subscription, and that it should be applied
    in liquidation of the debt in suit.

Fonda *v.* Burton & Sowles.

General assumpsit. Heard upon the report of referees at the September term, 1890, Ross, J., presiding.

Judgment for the plaintiff in the sum of $424.73, being the plaintiff's account without deducting the amount of his subscription.

The defendants except.

The plaintiff sought to recover for goods furnished the defendants as partners under the title of the Glens Falls Shirt Co., between February 15, and October 20, 1881. The amount of the plaintiff's debt was $424.73. The defendants made no question as to the furnishing of the goods or the reasonableness of the price, but claimed that they did not constitute the Glens Falls Shirt Co. between the dates specified, and that one MacDonald was that company and so chargeable with this debt.

Previous to January 1, 1881, MacDonald had been engaged in the manufacture of shirts at Glens Falls, N. Y., under the name of the Glens Falls Shirt Co., and had proposed to remove that business to St. Albans, upon condition that he should be given suitable premises in which to carry on his business. The defendants at that time owned the Tremont House property in St. Albans, and it was in contemplation to give this to MacDonald for the foregoing purpose. In this view the following subscription paper was circulated: "We, the undersigned, hereby agree to pay the sums affixed to our names, respectively, to Oscar A. Burton and E. A. Sowles, payable in three equal installments, at three, six and nine months, for the purchase of the Tremont House, and the appurtenances and premises thereto belonging, formerly owned and occupied by S. S. Skinner, and for giving a suitable title thereto to James MacDonald, Jr., doing business under the name and style of the Glens Falls Shirt Co., on condition that Oscar A. Burton and E. A. Sowles and his wife Margaret B. Sowles, shall convey said property to George W. Foster, trustee for said MacDonald, on six thousand dollars being subscribed hereto, awaiting the fulfilment of the conditions hereinafter contained or imposed upon said MacDonald, doing business under said name and style, to wit: that said MacDonald shall re-

move his or said Glens Falls Company's collar, shirt and cuff manufacturing business from Glens Falls, N. Y., to St. Albans, Vt., and establish the same at the said Tremont House premises, and so continue to use said premises for such purpose aforesaid, for the term of five years, and work at least from three hundred to eight hundred hands as the business may seem to require, and as said MacDonald, under the name of the Glens Falls Shirt Company, has done for the past year at Glens Falls, N. Y., and to transact business at St. Albans under the like style and name of the Glens Falls Shirt Company, as per agreement in writing. The said Burton and Sowles, for the purpose aforesaid, valuing said property at $10,000, and proposing to convey the same on said sum of $6,000 being subscribed, they are herein considered and treated as contributing $2,000 each. In case of default on the part of MacDonald in establishing and maintaining said business for the period of and as aforesaid, the said trustee shall convey said property as follows: The undivided four-tenths thereof to the said Sowles and Burton, and the remaining undivided six-tenths thereof, to us, the undersigned in proportion to our respective subscriptions.

Dated January 10th, 1881."

This subscription paper was circulated and subscriptions made upon it to the amount of about $6,000. The plaintiff subscribed $100 which he had never paid. After the subscription had been completed and on February 5th, 1881, the defendants conveyed the Tremont House property to one Foster, as trustee. The declaration of trust in the deed was as follows:

"This conveyance is made to the said George W. Foster, trustee aforesaid, in trust, however, for the uses, trusts and purposes as follows: To permit James MacDonald, Jr., doing business under the name and style of the Glens Falls Shirt Company, and his assigns, to use, occupy and enjoy the same to wit: said above described premises, for the manufacturing, laundrying and selling shirts, cuffs and collars and underwear, for a period of five years from and after the 15th day of February, 1881, and at the expiration of said period, convey said property and premises in fee, discharged of said trust to said James MacDonald, Jr., now of Glens Falls, N. Y., doing business under the name and style of Glens Falls Shirt Company, his heirs or assigns. Said property to be conveyed as aforesaid to James McDonald, his heirs and assigns, provided and not otherwise, that the said James MacDon-

ald, Jr., or said Glens Falls Shirt Company, shall, during said period of five years, occupy said real estate and premises for said purposes, and work thereon and in and about said business on an average each year during the aforesaid term, not less than from three hundred to eight hundred hands, as such business may require in the manufacturing and sale aforesaid."

On said February 8th, the defendants, Foster and MacDonald, executed a written agreement, which had been previously drawn up but not signed, specifying in substance that MacDonald was to take possession of the Tremont House property and operate it as a shirt factory, that the defendants should supply the money with which to do this to a certain extent, and that the property acquired in the course of the business should belong to the defendants until their debt was paid.

February 15th, MacDonald came on and took possession of the property and began to put the same in order for the conduct of his business. Thereupon the defendants, instead of furnishing MacDonald the money, put their agent to a certain extent in charge of the business, and afterwards appointed a treasurer who disbursed the money. The defendants also personally engaged in the business to some extent.

On June 30, 1881, another written memorandum was signed between defendants and MacDonald, in which the relations of the different parties to the business were specified, and in which MacDonald was treated as the proprietor.

The plaintiff's account was charged upon his books to the Glens Falls Shirt Co., and the defendants insisted that these written contracts before mentioned were conclusive as to who in fact constituted that company, and that parol proof could not be received to show the fact otherwise. The referees admitted oral evidence upon that point, and from it found that the defendants were in fact that company in its transactions with the plaintiff, and that he so understood it when he furnished and charged the goods.

On June 2, 1884, MacDonald executed to the plaintiff a chat-

tel mortgage to secure a note embracing the debt in suit and other claims. In reference to the circumstances under which, and the purpose for which this mortgage was given, the referees found :

"The plaintiff was an old acquaintance of MacDonald's and after the collapse of the business of the shirt manufactory in 1882, he had given MacDonald credit to some extent for necessaries for which MacDonald had been unable to pay. The latter had a cabinet of minerals, fossils, petrifications and curiosities, relics, coins, autographs, etc., and feared that the same might be attached upon some of the numerous debts he was owing ; wishing to secure the plaintiff for the amount of his personal indebtedness to him, and at the same time prevent the attachment of his cabinet as aforesaid, he proposed to the plaintiff to take a note large enough to cover both the personal indebtedness and that of Burton and Sowles, and a mortgage of the cabinet to secure the same, which was done. The plaintiff never received the cabinet or any benefit from it, nor did he treat it as a payment of the debt of Burton and Sowles ; he treated the transaction as an accommodation to MacDonald and had no purpose to substitute MacDonald as debtor in place of Burton and Sowles."

*Farrington & Post*, for the defendant.

The chattel mortgage from MacDonald to the plaintiff released the defendants. If one knowingly elects to take security from an agent, he cannot afterwards charge the principal. Whart. Agency, 470.

The plaintiff is estopped now from asserting the falsity of his oath to that mortgage. Big. Est., 578, 581, 586 ; Her. Est., Sec. 476, 472, 471, 468 ; *Gilbert* v. *Vail*, 60 Vt. 261 ; 1 Greenl. Ev., Sec. 22 ; *Smith* v. *Burton*, 59 Vt. 451.

*Wilson & Hall*, for the plaintiff.

The plaintiff, not being a party to the written contracts, is not concluded by their terms. *Wait* v. *Wait*, 28 Vt. 350; *Morse* v. *Huntington*, 40 Vt. 488.

The opinion of the court was delivered by

TYLER, J.  The defendants deny that they constituted the Glens Falls Shirt Company, that they were partners, and that they or either of them authorized the purchase of the lumber described in the plaintiff's specification, upon their credit or upon the credit of either of them.  The referees have found that the lumber was ordered by MacDonald as agent of the defendants and in their behalf, that it was delivered to the defendants and was used by them in making repairs upon the shirt factory at St. Albans, that the price, about which there is no controversy, was charged to that company, and that the plaintiff understood that he was giving credit to the defendants.  They have found that the defendants, after Feb. 15, 1881, were partners in everything connected with their interest in the shirt manufacturing business, and that the lumber was furnished to them as such partners.

These findings, provided they are based upon legal evidence, are conclusive of the defendants' liability.  The oral evidence admitted was competent to establish these facts unless it was subject to the objection that it changed the terms of certain written contracts made between the defendants and Foster on the one side and MacDonald on the other, by which the former parties were to establish the latter in business at St. Albans under the name of the Glens Falls Shirt Company.  The oral evidence tended to show and from it the referees found that the plan contemplated by the contract, by which MacDonald was to be the Company, was subsequently changed, and that the defendants assumed the management of the business and virtually became the Company themselves.

The plaintiff was not a party to the written agreements, and, evidence offered by him tending to show who in fact constituted the Company when the lumber was delivered, was clearly admissible.  The written agreements were conclusive upon no one but the parties to them. *Wait* v. *Wait*, 28 Vt. 350 ; *Morse* v. *Huntington*, 40 Vt. 488.

Fonda *v.* Burton & Sowles.

The defendants' counsel moved the court below to re-commit the report to the referees with directions to them to state the evidence upon which they found that the defendants were partners prior to June 30, 1881, and to make the testimony a part of the report. The court re-committed the report but the order of re-committal was not that the entire testimony bearing upon this subject should be stated, but that the referees should state whether the evidence which they had already set forth in their report was the substance of all the evidence bearing upon that point, and if not, to give the substance of all other evidence relating to the partnership. The referees say in their supplemental report that the facts stated in the original were the substance of a great mass of evidence that was received by them without objection. It is fairly to be inferred from this that in their first report they stated the substance of all the evidence; at all events, the supplemental report seems to have been satisfactory to the court and to have been treated by it as made in compliance with its order. The record does not show that a request was made by the defendants' counsel to have the report again re-committed or that they made objection to its acceptance. As there was some evidence tending to establish the fact of co-partnership between the defendants, the finding of the referees on that subject is not revisable in this court.

The doctrine of estoppel has no application in this case. The subscription paper recites that MacDonald was engaged in the business of manufacturing shirts at Glens Falls, under the name of the Glens Falls Shirt Company, and that he was to remove the business to St. Albans and carry it on under the same name in the Tremont House, which was to be purchased for that purpose with the money subscribed. The fact that the plaintiff signed the subscription paper in which MacDonald is called the company did not bar him from showing that afterwards other persons became that company and that he sold and delivered goods to them. The fact that the chattel mortgage was given by

MacDonald to the plaintiff was evidence for the referees to consider in determining whether or not the defendants were liable for the price of the lumber. The fact being found that the credit was originally given to them and that they assumed and were obligated to pay the debt, the only question arising upon the mortgage was whether it operated to release the defendants from their liability. From the testimony of both the parties to the mortgage, received without objection, the referees were justified in finding that it was not given for the purpose of affecting the defendants' liability, but for a different purpose.

At the inception of this enterprise the defendants were the owners of the Tremont House property which was called of the value of $10,000. The defendants were treated as contributing $4,000 and the subscribers $6,000. It was provided in the subscription paper that, on the failure of MacDonald to carry out his part of the contract, Foster, the trustee, should re-convey four-tenths of the property to the defendants and six-tenths to the subscribers. The subscriptions therefore belonged to the defendants in payment of the $6,000 interest in the property which the subscribers acquired. This sum the defendants were to have whether the enterprise succeeded or not. The referees have not found that the enterprise failed of success through the defendants' fault or mismanagement; on the contrary, they express the opinion that the plaintiff's $100 subscription should be applied in part payment of his account. It is apparent from the facts that are reported that the defendants found it necessary to change the plan first contemplated for conducting the business in consequence of the changed condition of MacDonald's affairs or his lack of business efficiency. The case discloses nothing that disentitles the defendants to receive the $100 which the plaintiff subscribed.

*Judgment reversed, and judgment on the report for the plaintiff to recover $324.73, and interest.*