THOMAS THORN AND EBENEZER THORN v. FRED
MAURER.

*Obstruction of water-course — Action — Parties — Venue— Costs —
Evidence.*

Plaintiffs were the owners of undivided interests in a farm of
which their father died seised, and had an arrangement with
their mother and brothers and sisters, under which they were
entitled to the exclusive possession of the land, a portion of
which was flooded by means of a dam maintained by defend-
ant on his adjoining land, in another county, in a natural
water-course having its rise on plaintiffs' land, and by means
of which flooding plaintiffs' crops were injured, for which
injury plaintiffs sued defendant in an action of trespass on the
case in the county in which their land was situated, and also
claimed damages in their declaration for injury to said land.
The defendant pleaded the general issue, and on the trial the
main question litigated was whether or not the building and
maintenance of the dam by the defendant interfered or inter-
rupted the natural flow of water in said water-course on the
plaintiffs' land, to their injury; the plaintiffs affirming that it
did, which was denied by the defendant. The court instructed
the jury that plaintiffs could not recover for any permanent
injury to the land, but that such recovery must be confined to
loss of the crops. The jury rendered a verdict of six cents
damages, and in affirming the judgment entered thereon the
Court hold:

*a*—That costs were properly awarded to the plaintiffs; citing
How. Stat. § 8964, subd. 2; *Druse v. Wheeler*, 22 Mich. 445.

*b*—That the suit was properly commenced in the county in
which plaintiffs' land was situated, and without joining plaint-
iffs' co-tenants.

*c*—That the right of the plaintiffs to bring the action did not
depend upon their ownership of the fee, the injury complained
of, and for which a recovery was limited, being to their pos-
session, so far as the crops were concerned, which possession
and the right thereto might be shown by evidence of plaintiffs'
arrangements therefor with their co-heirs, when of age, and
with the mother and guardian of such as were minors.

Error to Washtenaw. (Kinne, J.) Argued April 15, 1891. Decided May 8, 1891.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*D. P. Sagendorph,* for appellant.

*E. D. Norris,* for plaintiffs.

CHAMPLIN, C. J. This is an action of trespass on the case against the defendant to recover the damage to plaintiffs' lands and crops of corn and grass, occasioned by the building and maintenance of a dam in and across a certain natural water-course, and thus disturbing the natural flow of the water therein, which takes its rise on the plaintiffs' lands, and flows across the same, and also through defendant's lands adjoining. The dam was maintained on defendant's lands a short distance from those of the plaintiffs', and caused the water of such natural water-course to set back, overflow, and flood the plaintiffs' lands, to their injury, and to the injury of the crops of corn and grass growing thereon.

At the trial the plaintiffs gave evidence tending to show, among other things, that they owned in fee certain undivided interests in or parts of the lands flooded, and all the crops of hay, corn, and grass growing, or which had been grown, thereon for many years; that they had for a long period had an arrangement with their mother, brothers, and sisters, under and by virtue of which they were entitled to the full and exclusive possession of all the lands flooded, and of all of the crops of grain and grass grown or to be grown thereon. The main question litigated was, did the defendant's acts, in building or maintaining the dam, interfere with or interrupt the natural flow of water in the natural water-course on the plaintiffs' land, to their injury? the plaintiffs' con-

-tention being that they did, and the defendant's that they did not. The jury returned a verdict for plaintiffs, and the defendant brings error.

The declaration in the case set up that the plaintiffs, on the 1st of September, 1885, and from that time hitherto, had been possessed of the described parcel of land, and, describing the water-course, alleged that the defendant had obstructed it, by reason whereof the said land had been rendered wet and swampy and unproductive; and also by reason of the premises divers crops of corn, hay, and grain of the plaintiffs, growing upon their said land, were spoiled, damaged, and destroyed each and every year, from the day and year first above mentioned hitherto; and by reason also of the premises the plaintiffs have incurred great trouble and expense in endeavoring to cultivate their lands, and restore the same to their former good state and condition. The defendant pleaded to this declaration the general issue. The testimony disclosed the fact that, although the lands of the plaintiffs and those of the defendant were adjoining, yet one was in one township, and the other (that of the defendant) was in the township immediately adjoining on the west, and that the line between their two farms was also a county line. Upon the trial of the cause the defendant's attorney objected to the introduction of any evidence in this case, because the suit was improperly brought in Washtenaw county, and, if the plaintiffs could recover from the defendant, it must be upon a suit brought in Jackson county, and not in Washtenaw county; which objection was overruled, and the defendant duly excepted, and upon which ruling of the court the counsel for defendant has assigned error. The court committed no error in this ruling.[1]

---

[1] Plaintiffs' lands are in Washtenaw county and defendant's in Jackson county.

The following questions were asked of the plaintiffs' witnesses upon the trial, to which objection was made, and exception taken to the ruling of the court in permitting them to be answered, viz.:

"1. How long have you been in possession of the land?

"2. To whom did the proceeds of the farm belong?

"3. Who are in possession of those lands at the present time?

"4. Do you know anything about this dam being placed in the water-course in the fall of 1885?

"5. And you and your brother had for your own purposes the products of this farm?

"6. What arrangement or agreement did you have with your brothers and sisters when they came of age about taking possession of and working this farm?

"7. What arrangement did you make with her about these minor children?"

We find no error in the ruling of the court in permitting each of these questions to be asked and answered. It appeared upon the trial that the plaintiffs had had possession of the farm for a number of years, and that they were tenants in common of the title, having received such title as heirs at law of their father, and that other members of the family were minors; but they had arrangements by which they put in these crops which were injured, and the testimony tended to show that they were the sole owners of such crops. The right of plaintiffs to bring the action did not depend upon their ownership of the fee. The injury complained of was injury to their possession, so far as the crops were concerned, and the court directed the jury that there could be no recovery in the case for any permanent injury to the land, and that whatever recovery could be had must be confined to the loss of the natural crops.

The court also sustained an objection to a question put to a witness by the defendant's attorney, viz.:

" What did the drain commissioner say to you about laying out a drain after he looked that over?"

There was no error in excluding the testimony called for by this question. It was immaterial to the issue. Nor was there any error in sustaining the objection to the question:

" What did you ascertain the fall to be from the fence at the county line down to this obstruction ?"

The defendant's attorney upon the trial of the cause offered in evidence the profile of the ditch, showing the grade of the bottom of the ditch as it was surveyed, and showing the bottom of the ditch as it was, and showing the location of the county line. The plaintiffs objected to the introduction of this profile, and the objection was sustained by the court, and error is assigned upon this ruling. This profile was a profile that the county drain commissioner of Washtenaw county had procured, with a view of laying a drain where this water-course was. We think there was no error in excluding the profile, as it would not tend to show that the water was not set back by means of the defendant's dam, and the obstruction placed in the water-course, so as to raise the water upon the plaintiffs' land.

The thirteenth assignment of error relates to the refusal of the court to give the defendant's requests to charge numbered from 1 to 6, inclusive. An examination of the record shows that no exception was taken to the refusal to give any of these requests to charge, and therefore they cannot be considered.

The fourteenth assignment of error is overruled. That refers to the charge of the court to the jury as to whether the plaintiffs are the proper parties to maintain this suit. As before stated, the recovery was confined to the injury to the plaintiffs' crops caused by defendant's setting the water back upon the land.

The jury found a verdict for the plaintiffs of six cents damages, and the defendant applied for a judgment for costs. We think the costs were properly awarded to the plaintiffs in the suit. How. Stat. § 8964, subd. 2; *Druse v. Wheeler*, 22 Mich. 445.

Judgment affirmed.

The other Justices concurred.