### BANKS v. CRAMER.

1. AGENCY—UNDISCLOSED PRINCIPAL.

In an action to recover damages for the failure of the defendant to fulfill his agreement to insure plaintiff's dwelling house, the defendant claimed that, in whatever he did, he acted as agent for a third person, who held a mortgage on the property. *Held*, that an instruction that, if the jury should find that defendant was acting as such agent, and that he disclosed that fact to the plaintiff, the latter could not recover, was sufficiently favorable to the defendant.

2. APPEAL—ASSIGNMENTS OF ERROR—FAILURE TO EXCEPT.

Assignments of error based upon rulings to which no exceptions were taken will not be considered.

Error to Washtenaw; Kinne, J. Submitted April 10, 1896. Decided April 21, 1896.

Case by Frank Banks against Densmore Cramer for failure to fulfill an agreement to insure plaintiff's property. From a judgment for plaintiff, defendant brings error. Affirmed.

*Densmore Cramer, in pro. per.*

*Arthur Brown* (*E. B. Norris,* of counsel), for appellee.

MONTGOMERY, J.   The plaintiff sued to recover damages from the defendant for failure to fulfill an agreement to insure plaintiff's property.   The testimony offered on behalf of the plaintiff tended to show that the defendant promised the plaintiff to cause a policy of insurance to be written on his dwelling house in the sum of $300; that the insurance premium was paid; and that plaintiff supposed that the insurance policy had been issued, and retained by the defendant as security for a mortgage which defendant or his father-in-law retained on plaintiff's property.   Plaintiff's dwelling house was consumed by fire, and he testified that he learned that defendant had pocketed the money, and failed to effect the insurance.   The case turned almost wholly upon questions of fact.   It seems not to have been contended below that the testimony wholly failed to show any contract, or that, if the jury believed plaintiff's testimony, there was not an agreement to effect insurance, but it was claimed that the defendant, in whatever he did, acted as the agent of one Twitchell.   It appears that, at the time this alleged contract was made, plaintiff effected a loan through Mr. Cramer, and gave a mortgage running to Twitchell. Plaintiff's testimony tended to show that he supposed that this mortgage ran to defendant.   However that may be, the defendant was engaged in the insurance business, and it did not appear that Twitchell was.   It does not necessarily follow that, because defendant represented Twitchell in making the loan, he did not act independently in engaging to effect insurance.   The circuit judge instructed the jury that if the defendant was acting as

agent for Twitchell, and disclosed that fact to plaintiff, then plaintiff could not recover. We think this instruction sufficiently favorable to the defendant.

There are numerous assignments of error based upon rulings which were not excepted to, and defendant has discussed the testimony in his brief, and endeavored to show that that of plaintiff was untrue. It is needless to say that we cannot deal with such questions on error.

There are no other questions which require discussion.

We are satisfied that no legal error was committed, and the judgment will be affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.