RUNNELLS *v.* VILLAGE OF PENTWATER.

1. APPEAL—EVIDENCE—HARMLESS ERROR.

A judgment will not be reversed for error in the admission of testimony which was so limited in its purpose that it could not have prejudiced the appellant.

2. SAME—TRIAL—MOTION TO STRIKE OUT TESTIMONY.

An exception to the refusal of a motion to strike out testimony will not be considered, where the testimony was originally admitted without objection, and no reason for the motion was given.

3. TRESPASS—DAMAGES—INSTRUCTIONS.

The use of the word "willfully," instead of "intentionally," in an instruction that the neglect of the plaintiff to take such measures as were within his power to recover and secure a scow after defendant had willfully unfastened it and cast it adrift would not mitigate the damages, is not prejudicial to the defendant, where the recovery is expressly limited to the actual damages sustained.

4. APPEAL—REFUSAL OF REQUESTS TO CHARGE—FAILURE TO EXCEPT.

Errors assigned upon the refusal of requests to charge will not be considered where no exceptions to such refusal were taken in the lower court.

5. TRESPASS—INSTRUCTIONS—TITLE TO LANDS.

Where, in an action of trespass against a village for cutting loose a ferry boat, the result depended upon whether the ferry slip was in the street or on private property, an instruction that, if plaintiff was on his own land, defendant had no right to go there, or to interfere with his property, was correct, though title to the land was not in issue.

Error to Oceana; Russell, J. Submitted April 29, 1896. Decided May 26, 1896.

Trespass *de bonis* by Henry Runnells against the village of Pentwater. From a judgment for plaintiff, defendant brings error. Affirmed.

The plaintiff had been engaged for four years preceding April 1, 1895, during the season of navigation, in running a ferry scow across a stream which runs through the defendant village, under yearly contracts with the defendant. The village authorities had been in the habit of letting this privilege to the highest bidder. He did not bid for the privilege in 1895, but claimed that the ferry slips in the defendant village were not in the public street, but were owned by private parties, from whom he had leased them. He thereupon commenced to run a ferry in the spring of 1895, and was so engaged when the alleged trespass in this case was committed. The defendant village claimed that the ferry slips were in a public street, gave plaintiff notice to remove therefrom, and, upon his neglect to do so, cut the wire rope, and took possession of the slip. He thereupon brought this suit for trespass to personal property, and recovered verdict and judgment for $75.

*Hartwick & Foote,* for appellant.

*Evans & Gale,* for appellee.

GRANT, J. (*after stating the facts*). 1. Error is assigned upon the introduction of a receipt for $43.75, dated May 4, 1895, and signed by the village clerk, and accompanied with an application for a license to run a ferry. It also certified that, at the time of receiving the money and application from plaintiff, the common council had not drawn any contract setting forth the rules governing the running of the ferry, or designating the amount of the bond to be given by the applicant. It is urged that this receipt did not tend to establish the right in which he claimed to be disturbed, since he claimed no license. Counsel for the plaintiff stated that their object in introducing it was to show that the common council had not provided any bond or contract to rule and govern the operation of the ferry. Limited to this purpose, we do

not see how its admission could have prejudiced the defendant.

2. Plaintiff gave testimony as to the location of the ferry slips, and testified that he knew the location, "because he had Mr. Grant survey it, and saw him drive a stake, and Mr. Mears and Mr. Russell showed him where the corner of the block was." This testimony was received without objection, and afterwards the defendant's counsel made a motion to strike it out, which was refused. No reason was given for the motion, and it cannot, therefore, now be considered, under the rule in *Rivard* v. *Rivard*, 109 Mich. 98, and authorities there cited.

3. The court instructed the jury that "damages will not be mitigated or lessened by proof that the owner of the scow, after it was willfully unfastened and cast adrift, had neglected to take such measures as were in his power to recover and secure it." It is claimed that there is nothing in the record to show that the scow was willfully unfastened and cast adrift, and the case of *Montgomery* v. *Booming Co.*, 88 Mich. 644, is cited to support the contention. In that case nothing was done with the evident purpose of accomplishing the result which followed. In this case the act was done deliberately and intentionally. Probably, it would have been more accurate to use the word "intentionally," but, inasmuch as the instruction limited the recovery to the actual damage sustained, it could not have prejudiced the jury.

4. The fifth error assigned is that the court refused to give each and every of defendant's requests numbered 3, 7, 8, 10, and 12. These cannot be considered, because no exception to the refusal was taken. *Thorn* v. *Maurer*, 85 Mich. 569.

5. Error is assigned upon that portion of the general charge wherein the court stated to the jury that, if the plaintiff was on his own land, the defendant had no right to go there, or to interfere with his property. It is true that the ownership of land was not in issue, but the

result depended entirely upon the question whether the land was a part of the street, or was private property. The instruction was therefore correct.

We find no error, and the judgment is affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.