## WETMORE v. MOLONEY.

APPEAL—REQUESTS TO CHARGE — EXCEPTIONS — BILL OF SALE— CHATTEL MORTGAGE.

  *1. An assignment of error upon the refusal of the court to give a request will not be considered when no exception is taken.

  2. A bill of sale may be shown to be a mortgage, notwithstanding a statement in it that it is "understood to convey an absolute title."

Error to Cheboygan; Shepherd, J. Submitted June 5,. 1901. Decided July 2, 1901.

*Assumpsit* by John H. Wetmore, administrator of the estate of Henry A. Wetmore, deceased, against James F. Moloney and John Cosgrove, upon a promissory note. From a judgment for plaintiff, defendant Moloney brings error. Affirmed.

On May 1, 1893, defendant Cosgrove, desiring to enter upon the business of keeping a saloon, borrowed from plaintiff's intestate $500 with which to pay the taxes thereon, and gave the note in suit. Defendant Moloney was a joint maker with Cosgrove. Various payments were made, and at the trial there was due the sum of $352.59, for which plaintiff recovered judgment.

Mr. Cosgrove rented the building, where were his saloon and his living rooms above, from Mr. Wetmore, and also borrowed from him other money with which to fit up the saloon. With his plea of the general issue, defendant gave notice that he would give in evidence a bill of sale, dated June 29, 1894, of certain personal property mentioned therein, and that said bill of sale was given and received in payment and satisfaction of the note declared on in this case. Defendant Cosgrove testified that this bill of

---

* Head-notes by GRANT, J.

sale was given in payment of said note. Plaintiff absolutely denied this, and stated that the bill of sale was given as security for rent and other items which Mr. Cosgrove owed plaintiff. This was the issue upon which the case was tried.

*C. S. Reilley*, for appellant.

*Frost & Sprague*, for appellee.

GRANT, J. (*after stating the facts*). 1. Error is assigned upon the refusal of the court to give certain requests propounded by the defendant. To such refusals no exception was taken. They cannot, therefore, be considered. *Thorn* v. *Maurer*, 85 Mich. 569 (48 N. W. 640); *Peterson* v. *Toner*, 80 Mich. 350 (45 N. W. 346).

2. The bill of sale contained the following language: " It is understood that this instrument conveys an absolute title to said Howard Wetmore of the property herein described." The testimony on the part of the plaintiff is positive that this bill of sale was given as security. It was immediately filed in the office of the city clerk by Mr. Cosgrove himself at the request of plaintiff. It was renewed from time to time. Defendant's counsel concedes that a bill of sale absolute in form may be shown to be a mortgage. This language does not take it without the rule. It is quite apparent there were reasons why Mr. Cosgrove desired to have this clause appear in the bill of sale, so as to convey to his other creditors the idea that it was not a mortgage. After agreeing upon its terms, Mr. Cosgrove went to his attorney, and had it drawn, submitted it to the plaintiff, and then took it to the city clerk. The court gave very explicit instructions to the jury as to what they might consider in determining the character of this instrument. He told them that, if they found that this bill of sale was given in payment of the note, their verdict must be for the defendants. If, however, they found that the instrument was a mortgage to cover other indebtedness than the note, they should find for the plain-

tiff. This was the issue the defendants tendered, and the court very properly instructed them that it was the sole issue. It was immaterial to the defendants whether this bill of sale was absolute or a mortgage, if given to pay or secure other indebtedness than this note. The sole question for the jury was, Did plaintiff accept it in payment of the note? And this issue went against defendants.

We find no error in the record, and the judgment is affirmed.

The other Justices concurred.