SYLVANUS T. HAWES *vs.* GEORGE F. WEEDEN.

Bristol.     October 28, 1901. — November 25, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, & BARKER, JJ.

*Evidence*, Extrinsic to vary writings.

The rule that an instrument in writing cannot be varied by extrinsic evidence applies only to parties to the writing or their privies, and does not prevent an attaching officer from showing that a bill of sale of property attached by him absolute on its face was given only as security.

REPLEVIN to recover certain furniture and school furnishings used in the New Bedford Business University conducted · by one Mary A. Chase and attached by the defendant, a deputy sheriff, as the property of Chase. Writ dated January 31, 1899.

The plaintiff claimed the property under a bill of sale from Chase. The amended answer alleged, that at the time of the attachment neither the defendant nor the plaintiff in the action in which the attachment was made had any knowledge of any mortgage, bill of sale or incumbrance of or on the property attached, that the bill of sale held by the plaintiff was given as security and was in effect an equitable mortgage and was not recorded, and that the mortgaged property had remained in the

possession of Chase until the attachment, which was more than fifteen days after the date and delivery of the bill of sale.

In the Superior Court, the case was heard by *Lawton,* J., without a jury, upon agreed facts. He ordered judgment for the defendant; and the plaintiff appealed.

By the agreed facts, it appeared, that the plaintiff held a bill of sale of the property absolute on its face dated December 20, 1897; that on January 6, 1898, the plaintiff went to the New Bedford Business University, and that in the presence of witnesses there was a formal delivery to him of the bill of sale and of the property by Chase; that after such delivery of the property the plaintiff departed from the place of delivery and left the property with Chase, who used it as before in conducting the school, and continued to use it there up to and at the time of the attachment; and that the bill of sale was not recorded.

If competent for the defendant to show by parol testimony and subject to the plaintiff's objection, it was further agreed to be the fact, that at or about the date of the bill of sale the plaintiff had indorsed, for the accommodation of Chase, a promissory note for $5,000, payable to the Merchants' National Bank of New Bedford or order, the plaintiff at the time of such indorsement stating to Chase that he would not so indorse unless the bill of sale was made to him and the property delivered to him as above; that there was an oral understanding between the plaintiff and Chase at the time of the delivery of the bill of sale, that when Chase should pay the note or fully indemnify the plaintiff from all cost and expense in respect to it, then Chase should be entitled to the property absolutely, so far as the plaintiff was concerned; and that at the time of the attachment the plaintiff's liability on the note had not ceased. The defendant made no allegation of fraud on the part of the plaintiff. It was agreed that the court might draw proper and competent inferences of fact from the statement of facts.

*E. D. Stetson,* for the plaintiff.

*M. R. Hitch,* for the defendant.

KNOWLTON, J. The bill of sale from Mary A. Chase to the plaintiff, with the accompanying agreement permitting a redemption of the property described in it, and the formal deliv-

ery of the property, constitute either a pledge or a mortgage. *Moors* v. *Reading,* 167 Mass. 322. Whichever it was, the plaintiff has no rights under it that can avail him as against an attaching creditor of Mary A. Chase, for the instrument was not recorded, and possession of the property was not retained by him. Pub. Sts. c. 192, § 1. *Potter* v. *Boston Locomotive Works,* 12 Gray, 154. *Moors* v. *Reading, ubi supra.*

The only question much discussed at the argument is whether it was competent for the defendant to show the real nature of the transaction between the plaintiff and Chase by parol evidence. It is contended that one cannot, by such testimony, vary or contradict a written contract. This rule prevails in ordinary actions at common law between the parties to the contract, but even as between them there are exceptions to it. It is not applicable to certain suits in equity, nor to suits at law brought to enforce a trust. *Campbell* v. *Dearborn,* 109 Mass. 130. *Reeve* v. *Dennett,* 137 Mass. 315. *Dixon* v. *National Ins. Co.* 168 Mass. 48. *Minchin* v. *Minchin,* 157 Mass. 265. *Raphael* v. *Mullen,* 171 Mass. 111.

In the present case an equitable defence was pleaded. But without reference to that, the plaintiff's contention is sufficiently answered by the fact that the defendant was not a party to the contract. His title stands outside of it. The rule applies only to parties to the writing or their privies. *Spooner* v. *Cummings,* 151 Mass. 313. *Kellogg* v. *Tompson,* 142 Mass. 76. *Edgerly* v. *Emerson,* 23 N. H. 555. *Fonda* v. *Burton,* 63 Vt. 355. *Brown* v. *Thurber,* 77 N. Y. 613. *Highstone* v. *Burdette,* 61 Mich. 54. The defendant, therefore, had a right to show by oral testimony that the instrument, absolute in its terms, was in fact merely given for security.

*Judgment affirmed.*