## FINKBINDER v. ERNST.

1. SURFACE WATER—ADJOINING PROPRIETORS—RIGHTS AND LIA-
   BILITIES.
   A landowner has no right to injure an upper proprietor by
   damming against surface water, the course of which has
   gradually changed through natural causes alone.

2. NEW TRIAL—WEIGHT OF EVIDENCE—APPEAL.
   Where two juries have found in favor of plaintiff on conflicting
   evidence, the mere fact that the appellate court might think
   the verdict against the weight of the evidence is not a suffici-
   ent reason for reversing the trial judge's decision on that
   point.

3. APPEAL—EVIDENCE—FAILURE TO EXCEPT.
   Rulings on the admission of testimony will not be reviewed on
   error where no exceptions were taken at the trial.

4. SAME—REQUESTS TO CHARGE—REHEARING.
   Where the appellate court declined to consider errors assigned
   on the refusal of requests to charge, on the ground that no
   exception was taken to such refusal at the trial,—both court
   and counsel having overlooked the provisions of Act No. 52,
   Pub. Acts 1901, doing away with the necessity for such excep-
   tions,—the errors so assigned were considered on application
   for rehearing.

5. SAME—GENERAL INSTRUCTIONS.
   The refusal of requests to charge is not error where their sub-
   stance is covered by the general charge.

Error to Washtenaw; Kinne, J. Submitted October
8, 1903. (Docket No. 26.) Decided December 22, 1903.
Rehearing denied June 27, 1904.

Case by Charles Finkbinder against Christian Ernst for
the wrongful flooding of plaintiff's land. From a judg-
ment for plaintiff, defendant brings error. Affirmed.

This unfortunate and expensive controversy between
neighbors is before us for the second time. The issue and

the facts are sufficiently stated in the opinion then rendered. 126 Mich. 565 (85 N. W. 1127). The record in that case did not contain all the evidence. The present record, of over 400 pages, contains all the testimony, taken stenographically.

The court instructed the jury as follows:

"If you find from the evidence that this dam is erected in a passage or channel through which the waters from the lands of the plaintiff naturally flow, without any artificial means; that such flowage of the water from the lands of the plaintiff upon the lands of the defendant is simply due to the face of the country, through the rise and fall of the land, the hills and valleys thereon; and that these waters flow upon the lands of the defendant naturally and without human aid,—then the defendant has no right to erect this dam, and is liable for such damages as the plaintiff may have suffered by reason thereof. On the other hand, if you find from the evidence that the waters of the plaintiff do not naturally flow upon the lands of the defendant where this dam is erected, that this alleged channel where this dam is erected is not a natural passage for the surface waters which flow down from above from the lands of the plaintiff, then the defendant has a lawful right to erect this dam, and the plaintiff cannot recover.

"If you find from the evidence that this flowage of water from the lands of the plaintiff is due solely to the action of Mr. Hotrum in running a furrow over his lands, and that but for this action of Mr. Hotrum the waters would not flow west over the lands of the defendant, and that this alleged channel upon the lands of the defendant was not a natural passage for the upper land waters, then the defendant would have a right to erect this dam to prevent the flowage upon him of those waters. But if you find from the evidence that, in process of time, these water channels have changed their courses, and by reason of wet or dry seasons, or other natural causes, these channels, wholly through the operation of natural forces, have undergone changes, then these waters must go where the laws of gravitation send them, irrespective of time, and the defendant would have no right to obstruct the flowage of those waters, even though the flowage had extended over only a few years; that is, less than 15. If, however, these changes in the channels of this watercourse are due to mere alluvium or débris or washouts appearing in

times of freshets, and caused by unusual or extraordinary conditions, such changes, I think, would not be deemed such natural and permanent changes as would create any vested rights, unless the same had existed for at least 15 years. Rivers and streams sometimes permanently change their courses, without clearly apparent causes. In such cases I do not think time enters into the determination of the rights of the parties. But where the cause is apparent, and is due to artificial means, or mere temporary or occasional or extraordinary causes, then a rule of 15 years must prevail, before the rights of flowage can be lawfully established."

Plaintiff obtained a verdict of $175 for permanent damages.

*A. J. Waters* (*B. M. Thompson*, of counsel), for appellant.

*Lehmann & Stivers*, for appellee.

GRANT, J. (*after stating the facts*). Under this judgment the defendant may maintain his dam perpetually, thus throwing all the waters accumulating to the east thereof onto the plaintiff's land, who, upon payment, will be compensated for the permanent injury to his farm.

The main contention on behalf of the defendant is that there was no evidence to support the charge. He insists that there is no evidence tending to show that any water ever flowed upon defendant's premises, except occasionally, and that such water is carried upon and over defendant's land by a three-inch tile drain, and that there is no evidence tending to show that the change in the original channel came about by natural causes, but that it was caused solely by cultivation of Mr. Hotrum's land. Two juries have rendered verdicts for the plaintiff. The learned circuit judge, after the second trial was concluded, entertained a motion for a new trial, in which motion all the points now raised were alleged as error, and carefully considered by the judge. Perhaps the weight of the evidence is with the defendant, but there is conflicting testi-

mony upon all the material points. It is true that Mr. Hotrum, a witness for the plaintiff, testified that he supposed the change in the watercourse came about from ordinary cultivation. It also appears that the soil is sandy, and the defendant himself testified, "You could change its course with a boot-heel."

We do not deem it essential to review the testimony. It would serve no good purpose. It is sufficient to say that upon all the points there was conflicting evidence. Its weight was for the jury. While we might come to a different conclusion as to the weight of the evidence than did the circuit judge, yet we do not think this a case in which we should order a new trial for that reason.

Counsel for defendant assign error upon the refusal of the court to give several requests which they preferred in his behalf. Inasmuch as no exception to such refusal was taken upon the trial, they cannot now be considered. *Runnells* v. *Village of Pentwater*, 109 Mich. 514 (67 N. W. 558); *Banks* v. *Cramer*, 109 Mich. 168 (66 N. W. 946).

Counsel also allege error upon rulings upon the admission of testimony. No exceptions were taken to the rulings, and they cannot, therefore, be considered.

Judgment affirmed.

Moore, Carpenter, and Montgomery, JJ., concurred. Hooker, C. J., took no part in the decision.

ON APPLICATION FOR REHEARING.

Grant, J. The briefs of counsel in this case were prepared and filed upon the understanding that *Runnells* v. *Village of Pentwater*, 109 Mich. 514 (67 N. W. 558), was still the law; that that decision was neither overruled nor changed by statute. We disposed of the case upon that understanding. A motion for rehearing was made upon the same understanding. Some days after the motion was made, a supplemental brief was filed, calling our attention to Act No. 52 of the Public Acts of 1901, which

provides that it shall not be necessary to except to the refusal of a court to give requests to charge, but that error may be assigned without excepting thereto upon the trial. In their supplemental brief counsel for defendant say that they had overlooked this statute. They now insist that the assignments of error based upon the refusal to give certain of their requests be considered on account of this statute.

Speaking for myself, I would deny the rehearing where the case was submitted upon the mutual understanding as to the rule of practice, and mutual ignorance of a statute modifying a decision of the court. My Brethren, however, are of the opinion that they should comply with the statute. We have therefore examined the requests and the charge of the court. Some of these requests are directly in conflict with the charge of the court as found in the opinion. The instruction of the court below we held to be a correct statement of the law. We do not deem it essential to give these requests or to discuss them. It is sufficient to say that the instruction of the court covered the entire ground and correctly stated the law, and there was sufficient conflict of evidence to submit the case to the jury.

Rehearing denied.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.