GAUMER *v.* REGISTER PUBLISHING COMPANY ET AL.

[No. 9,564.   Filed May 28, 1918.]

1. CHATTEL MORTGAGES.—*Failure to Record in Time.*—*Transfer of Property.*—*Estoppel.*—In an action by the assignee of a chattel mortgage against the purchaser of the mortgaged property, a complaint alleging that, though the mortgage was not recorded within ten days, it was recorded, unreleased and unsatisfied at the time of the purchase and that the defendant recognized its validity by taking into consideration the amount secured by it as a part of the purchase price, was sufficient to overcome the rule that a chattel mortgage not recorded as required by §7472 Burns 1914, Acts 1897 p. 240, is *prima facie* void as to third parties, with or without notice; since, under such a showing, the defendant purchaser was estopped to deny the validity of the mortgage, and the property became the primary fund for the payment of the debt. pp. 660, 661, 663.

2. CHATTEL MORTGAGES.—*Recording.*—*Time.*—*Validity as to Assignee.*—A chattel mortgage not recorded within ten days, as required by §7472 Burns 1914, Acts 1897 p. 240, being valid as between the parties, is valid as between the mortgagor and an assignee of the mortgage. p. 660.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by Frank C. Gaumer against the Register Publishing Company and another. From a judgment for the defendants, the plaintiff appeals. *Reversed.*

*Daniel B. Straley* and *George E. Hershman,* for appellant.

*Martin J. Smith, Frank B. Pattee* and *Herbert T. Johnson,* for appellees.

CALDWELL, C. J.—Judgment was rendered against appellant by reason of his refusal to plead over on the sustaining of appellees' separate demurrers to his complaint. The substance of the complaint was as follows: On December 2, 1912, Collins executed to

Davison four promissory notes of that date, each in the sum of $500, maturing November 1, 1914, 1915, 1916 and 1917 respectively. On the same date, to secure the payment of the notes, Collins executed to Davison a chattel mortgage on a certain printing outfit and newspaper plant located at Crown Point, Lake county. Under a certain provision of the mortgage all the notes were due by reason of the failure to pay certain of them at maturity. The mortgage was recorded in the proper county on December 17, 1912, fifteen days after its execution. Appellant is the owner of the notes and mortgage by virtue of certain assignments and indorsements. Appellee company is the owner of the property mortgaged by virtue of a purchase. Appellee Bibler is made a defendant by reason of a certain mortgage standing unreleased of record in her name, alleged to be paid and satisfied. Prayer for judgment in the sum of $2,500 and the foreclosure of the mortgage.

The allegation of the complaint on which appellant relies in support of his assignment that the court erred in sustaining the demurrers is as follows: "That the Register Publishing Company, one of the defendants herein, did not purchase and did not become the owner of said property until on or about the —— day of May, 1914, and that said mortgage was on record and unreleased and unsatisfied at that time, and that the said defendant Register Publishing Company at the time of purchasing said property took into consideration the indebtedness secured by said mortgage as a part of the purchase price for said property and acknowledged said mortgage as a good, valid and existing lien on and against said property." It sufficiently appears that the property

mortgaged was not delivered to and retained by the mortgagee or his assigns.

The complaint contained certain allegations to the effect that the purchase of the mortgaged property by appellee company was not *bona fide*. Appellant's counsel stated in oral argument that no reliance was placed on such allegations, and we shall therefore assign to them no force or value.

Section 7472 Burns 1914, Acts 1897 p. 240, is to the effect that no assignment of goods by way of mortgage shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless the mortgage shall be properly acknowledged and recorded in the proper county within ten days after its execution.

The mortgage here was not recorded within ten days after its execution. The parties to the mortgage at the time of its execution were Collins and Davison. The mortgage not having been recorded within the time fixed by the statute, while valid as between Collins and Davison, was at least *prima facie* void as to appellees here, regardless of whether they had notice of its existence, actual or constructive. *Stengel* v. *Boyce* (1896), 143 Ind. 642, 42 N. E. 905; *Ross* v. *Menefee* (1890), 125 Ind. 432, 25 N. E. 545; *Guyer* v. *Union Trust Co.* (1913), 55 Ind. App. 472, 104 N. E. 82; *Wolf* v. *Russell* (1913), 55 Ind. App. 660, 104 N. E. 603.

We proceed to determine whether the rule announced by these decisions governs here. The special circumstances disclosed by the complaint are as follows: Collins was indebted to Davison in the sum of $2,000 and interest, as represented

by the notes. Davison held a mortgage against Collins' property to secure the notes. As between them the mortgage was valid, although not recorded within ten days after its execution. The notes and mortgage were assigned to appellant by Davison. By the transfer of the notes Collins became indebted to appellant rather than Davison, in the sum thereby represented. As appellant was Davison's assignee, the chattel mortgage was valid as between the former and Collins. *Reynolds* v. *Quick* (1891), 128 Ind. 316, 27 N. E. 621; *Warner* v. *Warner* (1902), 30 Ind. App. 578, 586, 66 N. E. 760.

Such being the situation, appellee publishing company purchased the mortgaged property of Collins. While negotiating the purchase it knew or discovered the existence of the mortgage. It thereupon acknowledged the validity of the mortgage and recognized that the sum thereby secured must be paid. Having agreed with Collins respecting the value of the property, and the amount of the purchase price thereof, Collins and the company further agreed that the amount secured by the mortgage should be deducted from the agreed purchase price, and that only the balance should be paid, which was accordingly done; that is, if the agreed purchase price was $5,000, something more than $2,000 was deducted therefrom by reason of the mortgage, treated as valid, and only the balance or something less than $3,000 was paid. The facts as alleged do not amount to an express promise by the publishing company to pay and discharge the notes. Perhaps they do not amount to an unconditional implied promise to do so. It seems to us apparent, however, that Collins and the publishing company thereby con-

templated that, as between them, the mortgaged property should at least constitute the primary fund for the payment of the notes, the alternative being the payment of the latter by the company. At any event Collins, while he has paid the notes as between him and the company, is not discharged of liability thereon as between him and appellant. The company, having received the full value of the notes by acknowledging and treating the mortgage as valid, now, while retaining such value, declares that the mortgage is void, and asks this court in its behalf to declare it so. The foregoing indicates our interpretation of the complaint. Under such circumstances may the publishing company be heard to say that the mortgage is invalid? In considering this question it should be remembered that the mortgage here is not a nullity. It was a valid instrument as between the parties. If invalid as presented here, it is invalid only as against the party who acknowledged its validity and on such acknowledgment received and retains the full sum by it secured.

On the involved subject the following is stated in Jones on Chattel Mortgages (5th ed.) §487: "One who has purchased property subject to a mortgage, so that the amount of the mortgage forms a part of the consideration of the purchase, cannot deny its validity." The author in a note to such section refers to his work on mortgages (§§735-770) for a further discussion of the subject, and states that the rights and liabilities of one who purchases subject to a mortgage are for the most part the same whether the property be real or personal. In his work on mortgages (Vol. 2, §736 [7th ed.]) the author states: "The amount of an existing mortgage having been deducted

from the purchase money of the incumbered property, the grantee in effect undertakes to pay the amount of the purchase money represented by the mortgage to the holder of it, and he is as effectually estopped to deny its validity as he would be had he in terms agreed to pay such mortgage.'' See, also, 2 Jones, Chattel Mortgages (7th ed.) §744; *U. S. Bond, etc., Co.* v. *Keahey* (1916), 53 Okla. 176, 155 Pac. 557, L. R. A. 1917C 829; *Johnson* v. *Thompson* (1880), 129 Mass. 398; *Fuller & Co.* v. *Hunt* (1878), 48 Iowa 163; *Kellogg* v. *Secord* (1879), 42 Mich. 318, 3 N. W. 868; *Russell* v. *Allen* (1843), 10 Paige Ch. (N. Y.) 249; *Pinnell* v. *Boyd* (1880), 33 N. J. Eq. 190; 2 Cobbey, Chattel Mortgages §632. In the Keahey case, *supra,* the court said of a similar situation: ''In theory he (the purchaser) has deducted the amount of the mortgage from the purchase price, and it would clearly be inequitable to allow him to urge the invalidity of the mortgage, and retain the amount thereof, which was in effect furnished by his grantor, and not apply it to the discharge of the mortgage.''

Here the mortgage was valid as between Collins and Davison and his assigns. Collins' liability on the notes is not questioned. He remains liable

1. thereon as between him and appellant. It is expressly alleged that when appellee purchased the property it took into consideration the indebtedness secured by the mortgage as a part of the purchase price and acknowledged the validity of the mortgage. Under such circumstances this case comes easily within the authorities not only that the company may not be heard to contest the validity of the mortgage, but also that the mortgaged property thereby became the primary fund for the payment of the

mortgage debt. See the following: *Gregory* v. *Arms* (1911), 48 Ind. App. 562, 96 N. E. 196, and cases; *Bunch* v. *Grave* (1887), 111 Ind. 351, 355, 12 N. E. 514; *Hancock* v. *Fleming* (1885), 103 Ind. 533, 3 N. E. 254; *Atherton* v. *Toney* (1873), 43 Ind. 211; *Durham* v. *Craig* (1881), 79 Ind. 117; *United States Bond, etc., Co.* v. *Keahey,* L. R. A. 1917C, *supra,* note; *Rice* v. *Sanders* (1890), 8 L. R. A., note 316; 27 Cyc 1342 *et seq;* 11 C. J. 633. We conclude that the complaint states a cause of action against appellee company. It results also that it is good as against appellee Bibler.

Judgment reversed, with instructions to overrule each demurrer filed to the complaint and for further proceedings in harmony with this opinion, and with permission to reform the pleadings if desired.

NOTE.—Reported in 119 N. E. 728.